Fidel A. Castro
Member MD/DC Bar

Hugo Alfaro
of Counsel – DC Bar

Se Habla Español

Attorneys at Law

# CASTRO & ASSOCIATES

12020 Georgia Avenue
Suite A
Silver Spring, Maryland 20902

Telephone: (240) 608-6800
Facsimile: (301) 250-7608

www.CastroAndAssociates.com
CastroEsquire@gmail.com

August 22, 2023

**Sent Via Email to:**
Nora_Taylor@mdd.uscourts.gov
Honorable A. David Copperthite
101 West Lombard Street, Chambers 8B
Baltimore, Md 21201

> Re:   Discovery Dispute
> **Reina Samayoa Demendoza v. Burlington Coat Factory Warehouse Corp.**
> United States District Court for the District of Maryland
> Case No.: 8:22-cv-02726-ADC

Dear Judge Copperthite,

The present discovery dispute arises in the context of slip-and-fall case that occurred in a department store. Defendant is contesting liability and Plaintiff is seeking all relevant information that will assist her in proving liability. Defendant has objected to Plaintiff's request for production of documents to be produced at the deposition noticed for September 1, 2023 and a list of topics on which Defendant's corporate designee is expect to testify at the deposition. Prior to requesting the assistance of the Court, Defendant requested a discovery conference pursuant to Local Rule 104.7. During the discovery conference, Defendant's objections primarily went to the admissibility and relevancy of certain requests.

For example, Defendant objected that the subject matter of the topics was not admissible. Plaintiff replied that Defendant was incorrectly applying an evidentiary rule at the discovery stage. At this stage, I argued, that those topics did not need to be admissible—they simply needed to be relevant to be discoverable. Also, Defendant objected that, among other things, the number of employees, payroll expenditures, and revenues for the subject Burlington location from 2016 to present were not relevant. I explain that the information was relevant to proving negligence and foreseeability. For example, if there was a decrease in staffing, payroll expenditures, and revenue, then it would be foreseeable that there were fewer employees to clean and maintain the store. That information would bolster the Plaintiff's claim that the floor had not been swept, and there were clear plastic fragments scattered about the store including in the area of the Plaintiff fall.

Defendant also objected to Plaintiff's request for prior law suits and claims involving Burlington and instance of prior slip and fall accidents on its premises. Plaintiff explained that that information was relevant to proving notice of the dangerous condition and foreseeability.

Defendant objected to Plaintiff's request for Defendant to identify employees working at the store on the date of the incident. Defendant attempted to put the burden of production on the Plaintiff by stating that Plaintiff could go to the store and interview employees. Additionally, Plaintiff explained that that option would not be feasible, because Plaintiff lacks the prerequisite familiarity with the staff on the date in question in order to be able to interview them in a meaningful way, because the video of the incident is of poor quality and the faces of the employees are not distinguishable, and the best person to provide the information is the store's manager. Plaintiff also wanted the information under oath, which would not be possible unless the information was provided by Burlington's designee.

Plaintiff believes in good faith that the requested documents and topics are discoverable and relevant to proving liability, which Defendant currently denies.

Yours truly,

Fidel A. Castro