# EXHIBIT A



**The B&O Building**
**2 N. Charles Street, Suite 600**
**Baltimore, MD 21201**
**410.752.8700**
**410.752.6868 Fax**
**www.fandpnet.com**

**Colin A. Grigg**
**Direct 410-230-1016**
**cgrigg@fandpnet.com**
**Admitted in MARYLAND**

July 19, 2022

VIA EMAIL & REGULAR MAIL
Fidel A. Castro, Esq.
Castro & Associates, LLC
12020 Georgia Avenue, Suite A
Wheaton, MD 20902
castroesquire@gmail.com

    Re:    ***Reina Samayoa Demendoza v. Burlington Coat Factory Warehouse Corp.***
            United States District Court for the District of Maryland
            Case No.: 8:22-cv-02726-ADC

Dear Mr. Castro:

    We are in receipt of your email dated June 29, 2023, in which you included a list of topics for the deposition of the corporate designee for Burlington Coat Factory Warehouse Corp. ("Burlington"), referred to as "Schedule A," as well as a request for production of documents, referred to as "Schedule B." On July 5, 2023, by way of email, we requested a discovery conference to address the aforementioned. You finally agree to participate in a discovery conference which is currently scheduled for July 20, 2023 at 10:00a.m. We look forward to speaking with you at that time.

    In the meantime, please allow this letter to serve as Burlington's initial objections to Plaintiff's list of deposition topics ("Schedule A") and request for production ("Schedule B").

## SCHEDULE A

1. A description of the store layout on the date of the incident.

   Please be advised that you are welcome to visit the store, which is open to the public during operating hours, to take pictures, videos, measurements, etc. If you would like to arrange a formal visit to the store, we can accommodate your request. The basic layout of the store has remained unchanged since the day of the occurrence. The store layout in the vicinity of the incident alleged in the complaint is indisputably reflected in the video footage that we have already provided to you which captures your client's trip and fall accident which is the subject of this lawsuit.

| Easton, MD | Hagerstown, MD | Herndon, VA | Newark, DE | Richmond, VA |
| --- | --- | --- | --- | --- |
| 410.820.0600 | 301.745.3900 | 703.793.1800 | 302.594.9780 | 804.932.1996 |

2. A description of the store security plan, including security camera locations.

   **Objection:** Burlington objects to the extent that "store security plan" is undefined, vague, and ambiguous. Moreover, this case does not involve any issues pertaining to loss prevention, failure to provide adequate security, or any other matter that would be subject to the purview of security personnel. To the extent that the location of Burlington's internal store cameras is relevant, and subject to discovery, you are more than welcome to document that for yourself by visiting the store as the cameras are currently in the same location as the date of the loss. Additionally, as you know we have we have provided you with the store surveillance video which is approximately 2 hours and 15 minutes in length and which captures all common areas in the store at all relevant times, including the area where Plaintiff tripped and fell.

3. A description of the scene of the accident prior to and leading up to the fall.

   **Objection:** Burlington objects to this topic on the basis that it is Plaintiff's burden of proof and persuasion to establish the cause of the incident and responsibility for the same. Subject to and without waiving said objection, the scene of the occurrence is memorialized in the video footage which indisputably depicts the Plaintiff's trip and fall accident which is the subject of this lawsuit.

4. Identity of all persons working in the store on the date of the incident, including names, phone numbers, job description, and work schedule.

   **Objection:** Burlington objects to this topic on the basis of relevance. Subject to and without waiving said objection, please see the attached in and out report which reflects the identities of all persons who were working in the store at the time of the occurrence.

5. A description of the scene of the accident at the moment of the fall, including names, phone, numbers, and job description of individuals in the immediate area.

   **Objection:** Burlington objects to this topic on the basis that "immediate area" is undefined, vague, and ambiguous. Subject to and without waiving said objection, Burlington does not know the identity of any individual in the area of Plaintiff's trip and fall accident. Moreover, Burlington is unaware of the identity of any individual who claims to be a witness to Plaintiff's trip and fall. With respect to the description of the scene of the accident, please see Burlington's responses to Topic Nos. 1 and 3.

6. A description of the scene of the accident immediately following the accident, including the name, phone number, and job description of the individuals in the immediate area.

   **Objection:** Please see Burlington's response to Topic No. 5

7. The number of Defendant's employees for the subject premises in from 2016 to present.

   **Objection:** Burlington objects to this topic on the basis that it is vague, ambiguous, overbroad, not sufficiently limited in time and scope, and seeks irrelevant information.

8. The payroll expenditures for the subject premises from 2016 to present.

    **Objection:** Burlington objects to this topic on the basis that "payroll expenditures" is undefined, vague, and ambiguous. Moreover, this topic is overbroad, seeks irrelevant information, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6).

9. The revenues of the subject premises from 2016 to present.

    **Objection:** Burlington objects to this topic on the basis that "revenues" is undefined, vague, and ambiguous. Moreover, this topic is overbroad, seeks irrelevant information, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6).

10. Procedure for cleaning in effect at the time of the fall including the name individuals who developed the procedures, name of individuals on any committee the developed such procedures, if no procedures the person/committee responsible for make such a decision.

    **Objection:** Burlington objects to this topic on the basis that "procedure for cleaning" is undefined, vague, and ambiguous. Subject to and without waiving said objections, the floor cleaning is performed by a third-party vendor, Excel Building Services.

11. Protocol for placing and purchasing safety notice such as signs, cones, barriers, including the individuals who developed the procedure, the committee that developed the procedure, if not procedure then the person/committee who would be responsible for making such decisions.

    **Objection:** Burlington objects to this topic on the basis that it is vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6). Moreover, Burlington disputes the existence of any condition that would require the placing of any signs, cones, or barriers related to the subject incident. This case does not involve the existence of any allegation of wet or slippery substances on a floor surface.

12. Protocol for customer safety in effect at the time of the fall including the name individuals who developed the procedures, name of individuals on any committee the developed such procedures, if no procedures the person/committee responsible for make such a decision.

    **Objection:** Burlington objects to this topic on the basis that it is vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6). Moreover, this topic seeks irrelevant information and information regarding unidentified individuals and committees, which is not known or reasonably available to the organization.

13. Protocol for handling injured customers in effect at the time of the fall including the name individuals who developed the procedures, name of individuals on any committee the developed such procedures, if no procedures the person/committee responsible for make such a decision.

    **Objection:** Burlington objects to this topic on the basis that it is vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6). Subject to and without waiving said objection, it is Burlington's protocol to dial 911 if a customer requires medical attention.

14. Hiring/termination procedures, identity of the persons/committees hiring new personnel.

    **Objection:** Burlington objects to this topic to the extent that it is undefined, vague, ambiguous, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6). Burlington further objects to this topic on the basis of relevance.

15. The committee or individuals who developed the hiring protocol. If no protocol, then committee/individual responsible for making such decision.

    **Objection:** Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, and does not describe with reasonable particularity the matters for examination. See Fed. R. Civ. P. 30(b)(6). Burlington further objects to this topic on the basis of relevance.

16. Protocol for preserving employee records, including payment, hiring, accident reports, hiring documents, hiring applications, biographical information etc., including the individuals/committees that developed such procedures, if no procedures then the individual or committee responsible for making such decisions.

    **Objection:** Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. See Fed. R. Civ. P. 30(b)(6). Burlington further objects to this topic on the basis of relevance.

17. Protocol for employee training, including committee/individuals who developed such procedures, if no procedure the individual/committee responsible for such decisions.

    **Objection:** Burlington objects to this topic on the basis that it is undefined, vague, and ambiguous. Moreover, this topic seeks irrelevant information and information about unidentified individuals and committees which is not known or reasonably available to the organization.

18. The protocol in place for preserving video of accident footage that occurs in the store including the committee/individual who developed such protocol, if no protocol the individual/committee responsible for making such decisions.

**Objection:**   Burlington objects to this topic on the basis that "accident footage" is undefined, vague, and ambiguous. Moreover, this topic seeks irrelevant information about unidentified individuals and committees which is not known or reasonably available to the organization. Subject to and without waiving said objection, the preservation of video footage following an accident is within the discretion of the manager who is assigned to the post-accident investigation. There is no specific protocol in place.

19. The protocol for placement of video surveillance cameras on the premises, including the committee/individual who developed such protocol, if not protocol, who the committee/individual responsible for such decisions.

    **Objection:**   Burlington objects to this topic to the extent that "protocol for placement of video surveillance cameras" is undefined, vague, and ambiguous. To the extent that the location of Burlington's internal store cameras is relevant, See Burlington's response to Topic No. 2.

20. The placement of all video surveillance cameras on the premises on the day of the accident.

    **Objection:**   See Burlington's response to Topic No. 2.

21. The custodian of the video provided by Defendant in this case.

    Burlington is the custodian of the video produced in this case.

22. The usual custodian of video surveillance files and electronically stored information.

    **Objection**:   Burlington objects to this topic on the basis that "usual custodian" and "electronically stored information" are undefined, vague, and ambiguous. Subject to and without waiving said objection, there is no usual custodian of video surveillance.

23. The person who copied the video and produced it to the Plaintiffs.

    The store manager copies the video that was produced to the Plaintiff.

24. The person who edited the video that was produced to the Plaintiff.

    **Objection:**   There is no edited video. The full video already produced in discovery is approximately 2 hours and 15 minutes in length and captures all common areas in the store at all relevant times, including the area where Plaintiff tripped and fell.

25. The reasons for the Defendant not having footage of the events prior to the fall.

    **Objection:**   Burlington objects to this topic on the basis that "events prior to the fall" is undefined, and therefore vague and ambiguous. Moreover, the video already produced in

discovery records the events for approximately 20 minutes prior to Plaintiff's trip and fall.

26. The location of the video recording device, the make and model of the video recording device.

    **Objection:** *See* Burlington's response to Topic No. 2.

27. The layout of the store, diagrams of the store.

    **Objection:** *See* Burlington's response to Topic No. 3. The layout of the store is memorialized in the video footage which indisputably depicts the Plaintiff's trip and fall accident which is the subject of this lawsuit.

28. Description of the items on the floor shown in the video of the fall, type, brand, dimensions, quantity, positions, material.

    **Objection:** All items reflected in the video provided in discovery are self-evident with respect to various merchandise. The specific type, dimension, brand, and quantity of the merchandise is unclear based on the video.

29. There protocol in effect at the time of the fall for preserving evidence after a fall.

    The protocol for preserving evidence is within the discretion of the manager who is assigned to the post-accident investigation.

30. Exact measurements of the length and width of aisles.

    **Objection:** *See* Burlington's responses to Topic Nos. 1 and 3. The length and width of the store isles in indisputable based on the video already produced in discovery. Additionally, Plaintiff is welcome to visit the store during operating hours to obtain this information.

31. A description of the flooring material covering the premises including the make model.

    **Objection**: Burlington objects on the basis that information related to the make and model of flooring materials is not known or reasonably available to the organization. Subject to and without waiving said objection, the flowing material consists of carpet and linoleum.

32. Exact measurements of the length, width, and depth of the shelves including make and model.

    **Objection:** *See* Burlington's responses to Topic Nos. 1 and 3. The length, width, and depth of the shelves is indisputable based on the video already produced in discovery. Additionally, Plaintiff is welcome to visit the store during operating hours to obtain this information.

33. Identify the individuals who were responsible for maintaining the area of the fall.

    *See* the attached in and out report.

34. Identity of the individuals who swept or cleaned the area of the fall.

    Excel Building Services cleans the floors of the premises on a daily basis. *See also* the attached in and out report.

35. Protocol for first aid, first aid kit, chain of notice for first aid.

    **Objection:**   Burlington objects to this topic on the basis that it is vague, ambiguous, undefined, and seeks irrelevant information. Moreover, Plaintiff never requested first aid and there is no allegation in this case regarding the provision of or failure to provide first aid.

36. Employee first-aid training.

    **Objection:**   Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, and does not describe with reasonable particularity the matters for examination. See Fed. R. Civ. P. 30(b)(6).

37. Identity of the board of Defendant's premises managers at the time of the accident.

    **Objection:**   Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, and seeks irrelevant information. Moreover, at no time relevant to his litigation did Burlington have a "bord of premises managers."

38. A description of the cleaning product used on the floor on the date of the fall.

    **Objection:**   Burlington objects to this topic on the basis that this case does not involve an allegation with respect to cleaning products. Plaintiff testified in her deposition that she fell on pieces of plastic. Consequently, this is an irrelevant topic.

39. Any rules, management guidelines, operating guidelines, or other similar guidelines that purport to show operating procedures for the management, care, maintenance, repair, and service of the premises in question.

    **Objection:**   Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6)

40. Any and all drawings, maps or sketches of the scene of the accident which has been made the basis of this lawsuit.

    **Objection:**   *See* Burlington's responses to Topic Nos. 1 and 3.

41. All materials including, but not limited to, employee manuals, memoranda, and correspondence about safety rules and regulations to be followed by the employees to ensure business invitee safety. This includes any training films or videotapes used by Defendant concerning business invitees spills and falls.

    **Objection:**   Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. See Fed. R. Civ. P. 30(b)(6). Moreover, Burlington objects to this topic on the basis of relevance.

42. All premises inspection reports or other documents relating to observation of the premises and safety by any person or entity, including Defendants, for the premises in question, for one (1) years before, and all dates after the date of the incident.

    **Objection:**   Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. See Fed. R. Civ. P. 30(b)(6). Moreover, Burlington objects to this topic on the basis of relevance.

43. Clean-up orders, log books, journals, and service orders relating to the cleaning and maintenance of Defendant's premises. This should include all requests for clearing of aisles, verification that each request was completed, including the name of the employee who requested the work and the name of the person who carried out the service on the date of the incident.

    **Objection:**   Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6). Moreover, Burlington objects to this topic on the basis of relevance.

44. Prior law suits, involving slip and falls or trip and falls, identification of the parties, the facts of the cases, how the suit was resolved, monetary amounts paid as a result of settlement or judgment.

    **Objection:**   Burlington objects to this topic on the basis that it is undefined, vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6). Moreover, Burlington objects to this topic on the basis of relevance.

45. Osha regulations compliance inspection including the regularity, logs, notes, scheduling.

    **Objection:**   Burlington objects to this topic on the basis that it is vague, ambiguous, undefined, seeks information that is not known or reasonably available to the organization, and does not describe with reasonable particularity the matters for examination. See Fed. R. Civ. P. 30(b)(6).

46. Protocol for in-store product placement, the committee/individual who developed that procedure, if no procedure the individual/committee responsible for such decisions.

    **Objection:**   Burlington objects to this topic on the basis that it is vague, overbroad, and seeks irrelevant information.

47. Protocol for in-store advertisement and displays, the committee/individual who developed that procedure, if no procedure, then the individual/committee responsible for such decisions.

    **Objection:**   Burlington objects to this topic on the basis that it is vague, overbroad, and seeks irrelevant information.

48. Identify any expert safety consultant including date, time, topics.

    **Objection:**   Burlington objects to this topic on the basis that it is vague, ambiguous, overbroad, and does not describe with reasonable particularity the matters for examination. *See* Fed. R. Civ. P. 30(b)(6).

49. Contents of any and all advertisements on any media regarding products that were in the store on the date of the incident.

    **Objection:**   Burlington objects to this topic on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and seeks irrelevant information.

50. Identify all items on sale on the date of the incident.

    **Objection:**   Burlington objects to this topic on the basis that it is vague, ambiguous, overbroad, unduly burdensome, and seeks irrelevant information.

## SCHEDULE B

1. All premises inspection reports or other documents relating to observation of public areas safety by any person or entity, including Defendants, for the premises in question, for one (1) years before, and all dates after the date of the incident.

    **Objection:**   Burlington objects to this request to the extent that it is overbroad, not sufficiently limited in time and scope, and seeks irrelevant information.

2. Copies of any and all documentation, including but not limited to clean-up orders, log books, journals, and service orders relating to the cleaning and maintenance of Defendant's public areas. This should include all requests for clearing of snow, ice, liquid, produce, objects verification that each request was completed, including the name of the employee who requested the work and the name of the person who carried out the service on date of the incident.

**Objection:** Burlington objects to this request to the extent that it is overbroad, not sufficiently limited in time and scope, and seeks irrelevant information.

3. Any contract, correspondence, or downloaded communications regarding any maintenance or repair of store aisles in effect at the time of Plaintiff's injury.

    **Objection:** Burlington objects to this request to the extent that it is undefined, vague, and ambiguous.

4. Any contract between the Defendant and any person or entity responsible for caring for the premises at the time of Plaintiff's injuries.

5. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises in question, which have not yet been produced.

    **Objection:** Burlington objects to this request to the extent that it is vague and ambiguous.

6. Any and all photographs that Defendant took or has in its possession of the scene of the accident or the resulting injuries to the Plaintiff, which have not yet been produced.

7. Any and all drawings, maps or sketches of the scene of the accident which has been made the basis of this lawsuit, which have not yet been provided.

    **Objection:** Burlington objects to this request to the extent that it seeks information that was prepared in anticipation of litigation and information that is protected by the attorney client privilege and/or attorney work product doctrine.

8. All materials including, but not limited to, employee manuals, memoranda, and correspondence about safety rules and regulations to be followed by the employees to ensure customer safety in public spaces. This includes any training films or videotapes used by Defendant concerning customer spills and falls, which have not yet been produced.

    **Objection:** Burlington objects to this request to the extent that it is overbroad, undefined, vague, ambiguous, and seeks irrelevant information.

9. Copies of any interviews or statements with alleged witnesses to the incident, which have not yet been provided.

10. Copies of all documents, communications, records and other tangible things relied upon or referred to in your response to Plaintiff's Interrogatories, which have not yet been provided.

11. All documents that relate to monies spent by Defendant regarding public area maintenance, repairs, cleaning for all the year of the incident.

    **Objection:** Burlington objects to this request on the basis that it is overbroad, undefined, vague, ambiguous, not properly limited in time and scope, and seeks irrelevant information.

12. All documents that identify the past and current members of the management of the premises.

    **Objection:** Burlington objects to this request on the basis that it is overbroad, undefined, vague, ambiguous, not properly limited in time and scope, and seeks irrelevant information.

13. All documents that relate to decision-making process for expenditures or assessments during the year before the incident, the year of the incident, and the year after the incident.

    **Objection:** Burlington objects to this request on the basis that it is overbroad, undefined, vague, ambiguous, not properly limited in time and scope, and seeks irrelevant information.

14. Copies of any memoranda, correspondence, or minutes from any meetings regarding maintenance in the year of the incident.

    **Objection:** Burlington objects to this request on the basis that it is overbroad, undefined, vague, ambiguous, not properly limited in time and scope, and seeks irrelevant information.

15. Any documents regarding complaints made by any customer regarding the boxes, liquids, snow or ice in public areas before date of the incident.

    **Objection:** Burlington objects to this request on the basis that it is overbroad, undefined, vague, ambiguous, not properly limited in time and scope, and seeks irrelevant information.

Thank you for your attention to this matter. I look forward to further discussing these objections with you at our discovery conference scheduled for July 20, 2023 at 10:00 a.m.

Very truly yours,

*Colin A. Grigg*
Colin A. Grigg

/cag