# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
Civil Division

| | |
|---|---|
| REINA SAMAYOA DEMENDOZA | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * Civil Action No: 8:22-CV-02726-GJH |
| | * |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION | * |
| | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF SERVICE OF PLAINTIFF'S AMENDED NOTICE TO TAKE REMOTE VIDEO-CONFERENCE DEPOSITION OF DEFENDANT**

I HEREBY CERTIFY that on the __16__ day of August 2023, a copy of Plaintiff's Amended Notice to Take Remote Video-Conference Deposition of Defendant was served via First-Class U.S. Mail, postage pre-paid on Defendant's Counsel:

Colin A. Grigg, Esquire
Andrew T. Stephenson, Esquire
2 North Charles Street, Suite 600
Baltimore, MD 21201
cgrigg@fandpnet.com
*Counsel for Defendant*

_____
Fidel A. Castro, Esquire
Bar Number: 07458
Castro & Associates
12020 Georgia Avenue, Suite A
Wheaton, MD 20902
Castroesquire@gmail.com
240-608-6800 (o) 301-250-7608 (f)
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the __16__ day of August 2023, a copy of the foregoing Notice of Service of Plaintiff's Amended Notice to Take Remote Video-Conference Deposition of Defendant was served via First-Class U.S. Mail, postage prepaid, and email on Defendant's Counsel:

Colin A. Grigg, Esquire
Andrew T. Stephenson, Esquire
2 North Charles Street, Suite 600
Baltimore, MD 21201
cgrigg@fandpnet.com
*Counsel for Defendant*

_____
Fidel A. Castro

<u>IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND</u>
Civil Division

| | |
|---|---|
| REINA SAMAYOA DEMENDOZA | * |
| | * |
| *Plaintiff*, | * |
| | * |
| v. | * Civil Action No: 8:22-CV-02726-GJH |
| | * |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION | * |
| | * |
| *Defendant*. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**PLAINTIFF'S AMENDED NOTICE TO TAKE REMOTE VIDEO-CONFERENCE DEPOSITION OF DEFENDANT**</u>

COMES NOW, Plaintiff, Reina Samayoa Demendoza, by and through her counsel, Fidel A. Castro and Castro & Associates and hereby give notice that the following discovery deposition will be conducted pursuant to the Federal Rules:

**Deponent:** Burlington Coar Factory Warehouse Corporation

<u>**Date/Time:**</u> <u>September 1, 2023, at 10:00 a.m.</u>

**Location:** Via Remote Video-Conference Platform

The designated deponent will be required to testify regarding the matters listed on Scheduling A and is required to bring and produce at the deposition the documents designated on Schedule B attached hereto.

This deposition is to be taken under oath before a court reporter and may be recorded through the use of an audio and visual recorder.

Respectfully submitted,

_____
Fidel A. Castro, Esquire
Bar Number: 07458
Castro & Associates
12020 Georgia Avenue, Suite A
Wheaton, MD 20902
Castroesquire@gmail.com
240-608-6800 (O) 301-250-7608 (F)

# UNITED STATES DISTRICT COURT
for the
District of Maryland

| REINA SAMAYOA DEMENDOZA | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 22-CV-02726-ADC |
| BURLINGTON COAT FACTORY WAREHOUSE | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Burlington Cost Factory Warehouse

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

Please see attached Schedule B.

| Place: Castro & Associates<br>12020 Georgia Avenue, Suite A<br>Wheaton, MD 20902 | Date and Time:<br>09/01/2023 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/14/2023

*CLERK OF COURT*

OR  /s/ [signature]

_____           _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiff**
Reina Smayoa Demendoza , who issues or requests this subpoena, are:
Fidel A. Castro, Esquire and Castro & Associates, 12020 Georgia Aveue Suite A, Wheaton, MD 20902, P: 240-608-6800
Castroesquire@gmail.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 22-CV-02726-ADC

# PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SCHEDULE A

The deponent(s) shall prepare to address the following topics:

1. A description of the store layout on the date of the incident.

2. A description of the store security plan, including security camera locations.

3. A description of the scene of the accident prior to and leading up to the fall.

4. Identity of all persons working in the store on the date of the incident, including names, phone numbers, job descriptions, and work schedules.

5. A description of the scene of the accident at the moment of the fall, including names, phone, numbers, and job descriptions of individuals in the immediate area.

6. A description of the scene of the accident immediately following the accident, including the name, phone number, and job description of the individuals in the immediate area.

7. The number of Defendant's employees for the subject premises in from 2016 to present.

8. The payroll expenditures for the subject premises from 2016 to present.

9. The revenues of the subject premises from 2016 to present.

10. Procedure for cleaning in effect at the time of the fall including the name individuals who developed the procedures, name of individuals on any committee the developed such procedures, if no procedures the person/committee responsible for make such a decision.

11. Protocol for placing and purchasing safety notice such as signs, cones, barriers, including the individuals who developed the procedure, the committee that developed the procedure, if not procedure then the person/committee who would be responsible for making such decisions.

12. Protocol for customer safety in effect at the time of the fall including the name individuals who developed the procedures, name of individuals on any committee the developed such procedures, if no procedures the person/committee responsible for make such a decision.

13. Protocol for handling injured customers in effect at the time of the fall including the name individuals who developed the procedures, name of individuals on any committee the developed such procedures, if no procedures the person/committee responsible for make such a decision.

14. Hiring/termination procedures, identity of the persons/committees hiring new personnel.

15. The committee or individuals who developed the hiring protocol. If no protocol, then the committee/individual responsible for making such a decision.

16. Protocol for preserving employee records, including payment, hiring, accident reports, hiring documents, hiring applications, biographical information etc., including the individuals/committees that developed such procedures, if no procedures then the individual or committee responsible for making such decisions.

17. Protocol for employee training, including committee/individuals who developed such procedures, if no procedure the individual/committee responsible for such decisions.

18. The protocol in place for preserving video of accident footage that occurs in the store include the committee/individual who developed such protocol, if no protocol the individual/committee responsible for making such decisions.

19. The protocol for placement of video surveillance cameras on the premises, including the committee/individual who developed such protocol, if not protocol, who the committee/individual responsible for such decisions.

20. The placement of all video surveillance cameras on the premises on the day of the accident.

21. The custodian of the video provided by Defendant in this case.

22. The usual custodian of video surveillance files and electronically stored information.

23. The person who copied the video and produced it for the Plaintiffs.

24. The person who edited the video that was produced for the Plaintiff.

25. The reasons for Defendant not having footage of the events prior to the fall.

26. The location of the video recording device, and the make and model of the video recording device.

27. The layout of the store, diagrams of the store.

28. Description of the items on the floor shown in the video of the fall, type, brand, dimensions, quantity, positions, and material.

29. There protocol in effect at the time of the fall for preserving evidence after a fall.

30. Exact measurements of the length and width of aisles.

31. A description of the flooring material covering the premises including the make model.

32. Exact measurements of the length, width, and depth of the shelves including make and model.

33. Identify the individuals who were responsible for maintaining the area of the fall.

34. Identity of the individuals who swept or cleaned the area of the fall.

35. Protocol for first aid, first aid kit, chain of notice for first aid.

36. Employee first-aid training.

37. Identity of the board of Defendant's premises managers at the time of the accident.

38. A description of the cleaning product used on the floor on the date of the fall.

39. Any rules, management guidelines, operating guidelines, or other similar guidelines that purport to show operating procedures for the management, care, maintenance, repair, and service of the premises in question.

40. Any and all drawings, maps, or sketches of the scene of the accident which has been made the basis of this lawsuit.

41. All materials including, but not limited to, employee manuals, memoranda, and correspondence about safety rules and regulations to be followed by the employees to ensure business invitee safety. This includes any training films or videotapes used by Defendant concerning business invitees' spills and falls.

42. All premises inspection reports or other documents relating to observation of the premises and safety by any person or entity, including Defendants, for the premises in question, for one (1) year before, and all dates after the date of the incident.

43. Clean-up orders, log books, journals, and service orders relating to the cleaning and maintenance of Defendant's premises. This should include all requests for clearing of aisles, and verification that each request was completed, including the name of the employee who requested the work and the name of the person who carried out the service on the date of the incident.

44. Prior lawsuits, involving slip and falls or trip and falls, identification of the parties, the facts of the cases, how the suit was resolved, and monetary amounts paid as a result of settlement or judgment.

45. Osha regulations compliance inspection including the regularity, logs, notes, and scheduling.

46. Protocol for in-store product placement, the committee/individual who developed that procedure, if no procedure the individual/committee responsible for such decisions.

47. Protocol for in-store advertisement and displays, the committee/individual who developed that procedure, if no procedure, then the individual/committee responsible for such decisions.

48. Identify any expert safety consultant including date, time, and topics.

49. Contents of any and all advertisements on any media regarding products that were in the store on the date of the incident.

50. Identify all items on sale on the date of the incident.

# SCHEDULE B

The deponent(s) shall bring and produce at the deposition the following documents/items:

1. All premises inspection reports or other documents relating to observation of public areas safety by any person or entity, including Defendants, for the premises in question, for one (1) year before, and all dates after the date of the incident.

2. Copies of any and all documentation, including but not limited to clean-up orders, log books, journals, and service orders relating to the cleaning and maintenance of Defendant's public areas. This should include all requests for clearing of snow, ice, liquid, produce, and objects verification that each request was completed, including the name of the employee who requested the work and the name of the person who carried out the service on the date of the incident.

3. Any contract, correspondence, or downloaded communications regarding any maintenance or repair of store aisles in effect at the time of Plaintiff's injury.

4. Any contract between Defendant and any person or entity responsible for caring for the premises at the time of Plaintiff's injuries.

5. Any rules, management guidelines, operating guidelines, or other similar writing or document that purports to show operating procedures for the management, care, maintenance, repair, and service of the premises in question, which have not yet been produced.

6. Any and all photographs that Defendant took or has in its possession of the scene of the accident or the resulting injuries to Plaintiff, which have not yet been produced.

7. Any and all drawings, maps, or sketches of the scene of the accident which have been made the basis of this lawsuit, which have not yet been provided.

8. All materials including, but not limited to, employee manuals, memoranda, and correspondence about safety rules and regulations to be followed by the employees to ensure customer safety in public spaces. This includes any training films or videotapes used by Defendant concerning customer spills and falls, which have not yet been produced.

9. Copies of any interviews or statements with alleged witnesses to the incident, which have not yet been provided.

10. Copies of all documents, communications, records, and other tangible things relied upon or referred to in your response to Plaintiff's Interrogatories, which have not yet been provided.

11. All documents that relate to monies spent by Defendant regarding public area maintenance, repairs, and cleaning for all the year of the incident.

12. All documents that identify the past and current members of the management of the premises.

13. All documents that relate to the decision-making process for expenditures or assessments during the year before the incident, the year of the incident, and the year after the incident.

14. Copies of any memoranda, correspondence, or minutes from any meetings regarding maintenance in the year of the incident.

15. Any documents regarding complaints made by any customer regarding the boxes, liquids, snow or ice in public areas before date of the incident.