Exhibit 1

**Fidel A. Castro**
Member MD/DC Bar

**Hugo Alfaro**
of Counsel – DC Bar

Se Habla Español

Attorneys at Law

# CASTRO & ASSOCIATES

12020 Georgia Avenue
Suite A
Silver Spring, Maryland 20902

Telephone: (240) 608-6800
Facsimile: (301) 250-7608

www.CastroAndAssociates.com
CastroEsquire@gmail.com

September 25, 2023

**Sent Via Email to:**
Colin Grigg
2 N. Charles Street, Suite 600
Baltimore, MD 21201

   Re: Response to Discovery Objection Letter
     **Reina Samayoa Demendoza v. Burlington Coat Factory Warehouse Corp.**
     United States District Court for the District of Maryland
     Case No.: 8:22-cv-02726-ADC

Dear Mr. Grigg,

  I am writing this letter to commemorate Plaintiff's responses to your September 6, 2023 letter objecting to the deposition topics (Schedule A) for Burlington Coat Factory Warehouse Corporation's corporate designee, which were discussed in our discovery conference on September 20, 2023.

## SCHEDULE A

1. For the date and location of the subject incident, identify the positions of all security cameras within the subject Burington location and the areas that each camera films.

**Objection:** Burlington objects to this topic on the basis that the location of all security cameras in the subject Burlington store and the areas each camera films is **irrelevant** to the subject occurrence. To the extent that the location of Burlington's internal store cameras is relevant and subject to discovery, **you are more than welcome to document that for yourself by visiting the store** as the cameras are currently in the same location as the date of the loss. Additionally, as you know we have provided you with the store surveillance video which is approximately 2 hours and 15 minutes in length and which captures all common areas in the store at all relevant times, including the area where Plaintiff tripped and fell.

**Response:** **Relevance.** Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance

of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not claimed any privilege and the identification of the positions of the security cameras is relevant to proving liability. The Defendant has only provided one video from one security camera, and based on that video is contesting liability. If the incident in question was captured by another camera from another angle, it may show Defendant's liability. The Plaintiff has a permanent injury and is only claiming noneconomic damages. **Shifting the Burden of Production**. Defendant has the burden of production and is attempting to shift that burden to Plaintiff. Rule 30(b)(6) states in the relevant part, "The persons designated must testify about information known or reasonably available to the organization." Defendant has its employees and store plans and documents reasonably available to it from which it can reasonably obtain the requested information.

2. For the date and location of the subject incident, the identity of all employees working in the store, including names, phone numbers, job descriptions, and work schedules.

**Objection:** Burlington objects to this topic on the basis that the phone numbers, job descriptions, and work schedules of Burlington employees is **irrelevant** to this litigation. Subject to and without waiving said objection, please see Burlington's In and Out Report which includes the identities of all persons who were working in the store at the time of the occurrence.

**Response: Relevance**. Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not claimed any privilege and the identity of the people working in the store, phone number, job description, and work schedule are relevant to proving liability. The requested information is relevant to identifying employees who were or should have been in the fall area, and who clean or should have cleaned the floors of the fall area. Once the relevant parties are identified, Plaintiff may seek to discover what they witnessed. **The In and Out Report** does not provide job descriptions. Plaintiff, therefore, has no way of knowing, which employee had the duty to maintain the fall area, which is important for proving liability. The Plaintiff has a permanent injury and is only claiming noneconomic damages.

3. In the Burlington surveillance video, which was provided in discovery, identify all employees working at the time of the fall, all employees that appear in the video, including but not limited to, all employees within the immediate area of the fall.

**Objection:** Burlington objects to this topic on the basis that Burlington and its attorneys **do not know which alleged employee** this topic refers to just by general reference to the video and therefore cannot intelligently indicate whether the individuals can or cannot be identified by any corporate designee at this time. **If you would like to send us** still shots of the individuals in the

video to whom you are referring, Burlington and its attorneys can attempt to identify the individual in advance of the deposition of Burlington's corporate designee.

**Response:** **Shifting the Burden of Production.** Defendant has the burden of production and is attempting to shift that burden to Plaintiff. Rule 30(b)(6) states in the relevant part, "The persons designated must testify about information known or reasonably available to the organization." Plaintiff is asking for the identity of "all employees working at the time of the fall." But Defendant is attempting to shift the burden by having Plaintiff identify "which particular employee" Plaintiff is referring to.

4. Within five minutes prior to and subsequent to the subject's fall, identify all individuals within the immediate area of the fall.

**Objection:** Burlington objects to this topic on the basis that the "immediate area" is undefined, vague, and ambiguous. Subject to and without waiving said objection, Burlington **does not know the identity of any individual** in the area of Plaintiff's trip and fall accident. Moreover, Burlington is unaware of the identity of any individual who claims to be a witness to Plaintiff's trip and fall.

**Responses:** Rule 30(b)(6) states in the relevant part, "The persons designated must testify about information known or reasonably available to the organization." Defendant has the video of the fall and the employees working on the date in question readily available for questioning and can reasonably obtain the requested discovery. In this circumstance, Plaintiff will define the immediate area as 30 feet from the fall area.

5. For the date and location of the subject incident, identify and describe employee uniforms and uniform policies in effect, and provide a copy of any such written policies, and visual representation of uniforms.

**Objection:** Burlington objects to this topic on the basis that it seeks **irrelevant** information and information that is **disproportionate** to the needs of this case.

**Responses: Relevance.** Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant has not identified any employees in the video that are responsible for maintaining the fall area and has denied liability. The uniform descriptions would aid Plaintiff in identifying employees who are responsible for the maintenance of the fall area. **Disproportionality.** Defendant has simply made a conclusory statement that the requested information is disproportional to the needs of the action, but has not explained how. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past

medical expenses and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff's 45-year life expectancy.

6.  For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide the number of Defendant's employees.

**Objection:** Burlington objects to this topic on the basis that it is **irrelevant, overly broad, and disproportionate to the needs of this case**. Moreover, and most importantly, in his August 24, 2023, Letter Order, Judge Copperthite expressly determined this this area of inquiry is non-relevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance**. Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that Plaintiff did not slip on anything. If the number of employees who perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the floor was not swept and that there was an object on the floor on which Plaintiff slipped. **Disproportionality**. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

7.  For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide the number of Defendant's employees that were responsible for maintaining the store during business hours.

**Objection:** Burlington objects to this topic on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case.
**Response: Relevance**. Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that Plaintiff did not slip on anything. If the number of employees who perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the floor was not swept and that there was an object on the floor on which

Plaintiff slipped. **Disproportionality**. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff's 45-year life expectancy.

8.  For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide the number of Defendant's employees that were responsible for maintaining the area of the fall during business hours.

**Objection:** Burlington objects to this topic on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance**. Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that Plaintiff did not slip on anything. If the number of employees who perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the floor was not swept and that there was an object on the floor on which Plaintiff slipped. **Disproportionality**. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff's 45-year life expectancy.

9.  For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide the dollar amount for payroll expenditures.

**Objection:** Burlington objects to this topic on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Moreover, and most importantly, in his August 24, 2023, Letter Order, Judge Copperthite expressly determined this this area of inquiry is non-relevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance**. Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming

that it is not liable and that Plaintiff did not slip on anything. If the number of employees who perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the floor was not swept and that there was an object on the floor on which Plaintiff slipped. **Disproportionality**. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff's 45-year life expectancy.

10.     For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide the dollar amount for payroll expenditures for employees who were responsible for maintaining the store during business hours.

**Objection:** Burlington objects to this topic on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Moreover, and most importantly, in his August 24, 2023, Letter Order, Judge Copperthite expressly determined this this area of inquiry is non-relevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance**. Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that Plaintiff did not slip on anything. If the number of employees who perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the floor was not swept and that there was an object on the floor on which Plaintiff slipped. **Disproportionality**. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff's 45-year life expectancy.

11.     For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide the dollar amount of revenues.

**Objection:** Burlington objects to this topic on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Moreover, and most importantly, in his August 24, 2023, Letter Order, Judge Copperthite expressly determined this this area of inquiry is non-relevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance**. Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided because Defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that Plaintiff did not slip on anything. If the number of employees who perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the floor was not swept and that there was an object on the floor on which Plaintiff slipped. **Disproportionality**. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff's 45-year life expectancy.

12. For the subject incident, identify the date and time that maintenance was last performed on the fall location prior to the fall, and the person(s) who performed said maintenance.

**Objection:** Burlington objects to this topic on the basis that "maintenance" is undefined and therefore the topic is vague and ambiguous. Additionally, the subject occurrence happened more than three (3) years ago. Considering this significant passage of time, this topic is unduly burdensome. Subject to and without waiving said objections, Burlington does not have information responsive to this topic.

**Response:** Rule 30(b)(6) states in the relevant part, "The persons designated must testify about information known or reasonably available to the organization." Maintenance has an ordinary meaning, which includes sweeping, moping, organizing, etc., and whatever meaning additional meaning Defendant reasonably understands. Defendant has its employees reasonably available to them for questioning regarding the requested discovery.

13. For the subject incident, identify the time and date that maintenance was first performed on the fall location after the fall, and the person(s) who performed said maintenance.

**Objection:** Burlington objects to this topic on the basis that "maintenance" is undefined and therefore, the topic is vague and ambiguous. Additionally, the subject occurrence happened more than three (3) years ago. Considering this significant passage of time, this topic is unduly burdensome. Subject to and without waiving said objections, Burlington does not have information responsive to this topic.

**Response:** Rule 30(b)(6) states in the relevant part, "The persons designated must testify about information known or reasonably available to the organization." Maintenance has an ordinary meaning, which includes sweeping, moping, organizing, etc., and whatever meaning additional meaning Defendant reasonably understands. Defendant has its employees reasonably available to them for questioning regarding the requested discovery.

14.     For the date and location of the subject incident, identify any store-maintenance policies and procedures in effect, and identify the individual(s) who developed them, if there was no such policy or procedure in effect, identify the person(s) having the authority to develop such policies and procedures.

**Objection:** Burlington objects to this topic on the basis that "store-maintenance policies and procedures" is undefined, vague, and ambiguous. Moreover, this area of inquiry seeks information that is irrelevant and disproportionate to the needs of this case.

**Response:** Rule 30(b)(6) states in the relevant part, "The persons designated must testify about information known or reasonably available to the organization." Maintenance has an ordinary meaning, which includes sweeping, moping, organizing, etc., and whatever meaning additional meaning Defendant reasonably understands. Defendant has its employees reasonably available to them for questioning regarding the requested discovery. **Relevancy**. Rule 26(b)(1) states in the relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Defendant is denying liability and denying that Plaintiff slip on any object. The requested discovery should be provided because Defendant has not asserted any privilege and the information sought is relevant to proving liability. If the store has maintenance policies and procedures and those procedures were not followed, then it is likely that the store was not maintained and Defendant was negligent because its employees had a duty to follow procedures but did not do so. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff's 45-year life expectancy.

15.     For the date and location of the subject incident, identify any customer-safety policies and procedures in effect, and identify the individual(s) who developed them, if there was no such policy or procedure in effect, identify the person(s) having the authority to develop such policies and procedures.

**Objection:**     Burlington objects to this topic on the basis that "customer-safety policies and procedures" is undefined, vague, and ambiguous. Moreover, this area of inquiry seeks information that is irrelevant and disproportionate to the needs of this case.

**Response:** Rule 30(b)(6) states in relevant part, "The persons designated must testify about information known or reasonably available to the organization." Maintenance is part of customer safety. Safety has an ordinary meaning, which includes sweeping, moping, organizing etc., and whatever meaning additional meaning Defendant reasonably understands. Defendant has its employees reasonably available to them for questioning regarding the requested discovery. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant

information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Defendant is denying liability and denying that Plaintiff slip on any object. The requested discovery should be provided, because Defendant has not asserted any privilege and the information sought is relevant to proving liability. If the store has safety/maintenance policies and procedures and those procedures were not followed, then it is likely that the store was not maintained and Defendant was negligent because its employees had a duty to follow procedures but did not do so. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

16. For the date and location of the subject incident, identify the policies and procedures in effect for handling injured customers, and identify the individual(s) who developed them, if there was no such policy or procedure in effect, identify the person(s) having the authority to develop such policies and procedures.

**Objection:** Burlington objects to this topic on the basis that it is vague, ambiguous, and overbroad. Subject to and without waiving said objection, it is Burlington's protocol to dial 911 if a customer requires medical attention.

**Response:** Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization."

17. For the date and location of the subject incident, identify any employee-training policies and procedures in effect, and identify the individual(s) who developed them, if there was no such policy or procedure in effect, identify the person(s) having the authority to develop such policies and procedures.

**Objection:** Burlington objects to this area of inquiry on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case.

**Response:** Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. If employees are trained to maintain the store and did not do so, Defendant would likely be negligent, because its employee had a duty to maintain the store, but did not do so. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination

of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

18.     For the date and location of the subject incident, identify the individual(s) responsible for maintaining records, including, but not limited to, surveillance videos, and employee records.

19.     All materials including, but not limited to, employee manuals, memoranda, and correspondence about safety rules and regulations to be followed by employees to ensure business invitee safety. This includes any training films or videotapes used by Defendant concerning business invitees' slip and falls.

**Objection:** Burlington objects to this area of inquiry on the basis that it is undefined, vague, ambiguous, irrelevant, overly broad, and disproportionate to the needs of this case.

**Response:** Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. If employees are trained to maintain the store and did not do so, Defendant would likely be negligent, because its employee had a duty to maintain the store, but did not do so. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

20.     For the date and location of the subject incident, identify and provide all clean-up orders, maintenance log books, journals, and service orders relating to the cleaning and maintenance of Defendant's premises. This should include all requests for clearing, moping, sweeping, or otherwise maintaining the area of the fall, and verification that each request was completed, including the name of the employee who requested the work and the name of the person who carried out the work on the date of the incident.

**Objection:** Burlington objects to this area of inquiry on the basis that it is undefined, vague, ambiguous, overly broad, and disproportionate to the needs of this case. Additionally, the subject occurrence happened more than three (3) years ago. Considering this significant passage of time, this topic is unduly burdensome.

**Response:** Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. If the maintenance log, for example shows that there was no sweeping of the area for several house, but on was require, that would likely show negligence on the part of the Defendant. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

21. For the location of the subject incident, from 2016 to the date of the incident, identify and provide all incident reports related to slip and falls and circumstance leading to the fall and alleged substance that caused the fall.

**Objection:** Burlington objects to this area of inquiry on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Subject to and without waiving said objection, see Burlington's incident report dated 11/15/2019.

Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. If, for example, there are prior incident involving the clear plastic pieces the Plaintiff asserts caused her fall, then that would show that the Plaintiff fall was foreseeable. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

22. For the date and location of the subject incident, in-store product and signage placement policies and procedures in effect, and identify the individual(s) who developed them, if there was no such policy or procedure in effect, identify the person(s) having the authority to develop such policies and procedures.

**Objection:** Burlington objects to this area of inquiry on the basis that it is undefined, vague, ambiguous, overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of this case.

Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. Defendant has suggested that they will defend the case by saying that Defendant should have looked where she was going, but if they have signs in the store place to catch Plaintiff attention, they cannot later say that she should have looked where she was going. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

23.     For the date and location of the subject incident, identify the in-store product/advertisement placement policies and procedures in effect, and identify the individual(s) who developed them, if there was no such policy or procedure in effect, identify the person(s) having the authority to develop such policies and procedures.

**Objection:** Burlington objects to this area of inquiry on the basis that it is undefined, vague, ambiguous, overly broad, unduly burdensome, irrelevant, and disproportionate to the needs of this case.

Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. Defendant has suggested that they will defend the case by saying that Defendant should have looked where she was going, but if they have signs in the store place to catch Plaintiff attention, they cannot later say that she should have looked where she was going. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

## SCHEDULE B

1.  For the location of the subject incident, for one year preceding the fall, all premises inspection reports and documents relating to safety and maintenance of public areas including, but not limited to, the location of the fall.

**Objection:** Burlington objects to this request to the extent that it is vague, ambiguous, overly broad, irrelevant, and disproportionate to the needs of this case. Subject to and without waiving said objections, all documents responsive to this request in Burlington's possession have been produced in Burlington's discovery document production.

Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. If, for example, there are prior incident involving the clear plastic pieces the Plaintiff asserts caused her fall, then that would show that the Plaintiff fall was foreseeable. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

2.  For the date and location of the subject occurrence, copies of any and all documentation, including but not limited to clean-up orders, log books, journals, and service orders relating to the cleaning and maintenance of Defendant's public areas. This should include all requests for cleaning, sweeping, moping, or otherwise maintaining the area of the fall and verification that each request was completed; including the name of the employee who requested the work and the name of the person who carried out the work on the date of the incident.

**Objection:** Burlington objects to this request to the extent that it is vague, ambiguous, overly broad, irrelevant, and disproportionate to the needs of this case. Subject to and without waiving said objections, Burlington does not have any documents responsive to this request in its possession.

**Response:** Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability

and that Plaintiff slip on any substance. If the maintenance log, for example shows that there was no sweeping of the area for several house, but on was require, that would likely show negligence on the part of the Defendant. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

3. For the subject incident, any correspondence, email, photograph, videos, electronically stored information, or document regarding the subject incident.

4. For the subject incident, any and all photographs that Defendant took or has in its possession of the scene of the accident or the resulting injuries to Plaintiff, which have not yet been produced.

5. For the subject incident, any and all drawings, maps, or sketches of the scene, which have not yet been provided.

6. All materials including, but not limited to, employee manuals, memoranda, and correspondence about safety rules and regulations to be followed by the employees to ensure customer safety in public spaces. This includes any training films or videotapes used by Defendant concerning customer spills and falls, which have not yet been produced.

**Objection:** Burlington objects to this request to the extent that it is vague, ambiguous, overly broad, irrelevant, and disproportionate to the needs of this case. Subject to and without waiving said objections, all documents responsive to this request in Burlington's possession have been produced in Burlington's discovery document production.

**Response:** Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. If employees are trained to maintain the store and did not do so, Defendant would likely be negligent, because its employee had a duty to maintain the store, but did not do so. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

7. For the subject incident, copies of witness statements and interviews, which have not yet been provided.

8.      Copies of all documents, communications, records, and other tangible things relied upon or referred to in your response to Plaintiff's Interrogatories, which have not yet been provided.

9.      For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide documents evidencing the number of Defendant's employee.

**Objection:** Burlington objects to this request on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Moreover, and most importantly, in his August 24, 2023, Letter Order, Judge Copperthite expressly determined this this area of inquiry is non-relevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that the Plaintiff did not slip on anything. If the number of employees the perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the area in of the fall had not been swept. **Disproportionality**. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

10.     For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide documents evidencing the number of Defendant's employees that were responsible for maintaining the store during business hours.

**Objection:** Burlington objects to this request on the basis that it is vague, ambiguous, irrelevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that the Plaintiff did not slip on anything. If the number of employees the perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the area in of the fall had not been swept. **Disproportionality**. Previously, Defendant suggested that the amount in controversy included or was correlated to past medical

expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

11. For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide documents evidencing the number of Defendant's employees that were responsible for maintaining the area of the fall during business hours.

**Objection:** Burlington objects to this request on the basis that it is vague, ambiguous, irrelevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance.** Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that the Plaintiff did not slip on anything. If the number of employees the perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the area in of the fall had not been swept. **Disproportionality.** Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

12. For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide documents evidencing the dollar amount for payroll expenditures.

**Objection:** Burlington objects to this request on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Moreover, and most importantly, in his August 24, 2023, Letter Order, Judge Copperthite expressly determined this this area of inquiry is non-relevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance.** Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that the Plaintiff did not slip on anything. If the number of employees the perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the area in of the fall had not been swept. **Disproportionality.** Previously,

Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

13.	For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide documents evidencing the dollar amount for payroll expenditures for employees that were responsible for maintaining the store during business hours.

**Objection:** Burlington objects to this request on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Moreover, and most importantly, in his August 24, 2023, Letter Order, Judge Copperthite expressly determined this this area of inquiry is non-relevant, overly broad, and disproportionate to the needs of this case.

**Response: Relevance.** Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the requested discovery is relevant to proving liability. Defendant is claiming that it is not liable and that the Plaintiff did not slip on anything. If the number of employees the perform maintenance on the premises has decreased from 2016 to 2019, that would make it more likely that the area in of the fall had not been swept. **Disproportionality.** Previously, Defendant suggested that the amount in controversy included or was correlated to past medical expenses. However, in the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

14.	For the subject Burlington location, from 2016 to November 15, 2019, for each year, provide documents evidencing the dollar amount of revenues.

**Objection:** Burlington objects to this request on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Moreover, and most importantly, in his August 24, 2023, Letter Order, Judge Copperthite expressly determined this this area of inquiry is non-relevant, overly broad, and disproportionate to the needs of this case.

15.	Copies of all slip and fall incident reports from 2016 till the date of the subject incident.

**Objection:** Burlington objects to this request on the basis that it is irrelevant, overly broad, and disproportionate to the needs of this case. Subject to and without waiving said objection, see Burlington's accident report for the subject occurrence.

Rule 30(b)(6) states in relevant part, "the persons designated must testify about information known or reasonably available to the organization." The words have ordinary meanings. **Relevancy**. Rule 26(b)(1) states in relevant part, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit." The requested discovery should be provided, because defendant has not asserted any privilege and the information is relevant to proving liability. Defendant is denying liability and that Plaintiff slip on any substance. If, for example, there are prior incident involving the clear plastic pieces the Plaintiff asserts caused her fall, then that would show that the Plaintiff fall was foreseeable. **Disproportionality**. In the present case, Plaintiff is claiming only noneconomic damages, which do not include past medical expenses, and should not be considered in the determination of proportionality. Plaintiff is requesting that noneconomic damages be awarded on a per diem basis for the Plaintiff 45-year life expectancy.

Yours Truly,

Fidel A. Castro