| | | |
|---|---|---|
| **REINA SAMAYOA DEMENDOZA** | * | |
| | * | |
| *Plaintiff*, | * | |
| | * | |
| v. | * **Civil Action No: 8:22-CV-02726-GJH** | |
| | * | |
| **BURLINGTON COAT FACTORY** | * | |
| **WAREHOUSE CORPORATION** | * | |
| | * | |
| *Defendant.* | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Plaintiff, Reina Samayoa Demendoza, by and through her attorney, Fidel A. Castro, Esquire, and, pursuant to Federal Rule of Civil Procedure 56, respectfully submits this Memorandum in opposition to Defendant's Motion for Summary Judgment, and states the following:

## I.     Introduction

1.     This matter arises out of an incident that occurred in Defendant Burlington's store on November 15, 2019, where Plaintiff was a shopper and slipped on a piece of clear plastic and fell. As a result, she suffered a foot fracture and partial permanent impairment to the fractured foot.

2.     Defendant has filed a Motion for Summary Judgment alleging that it is entitled to the entry of judgment as a matter of law "precisely because the Plaintiff cannot establish that Burlington had any notice, actual or constructive," of the clear piece of plastic prior to Plaintiff's fall. **Mtn.Sum.Jdg. Sec.I, ¶2.** However, two witnesses, Isabel Melgar and Maria Antonia Samayoa, were witnesses to the conditions of the aisle at the subject Burlington's location. Additionally, one of the witnesses, Isabel Melgar's, testified via

affidavit that she saw pieces of clear plastic at the scene of the fall at least one hour prior to the fall.  **See Exhibit A:  Amended Rule 26(a)(1) Disclosure, Exhibit B:  Affidavit of Isabel Melgar.**

3.      Therefore, a genuine dispute exists as to material facts that supports the element of notice, and Defendant's Motion for Summary Judgment must be denied.

## II.    Disputed Facts

In its Motion for summary judgment, Defendant alleges that it is entitled to judgment as a matter of law, because there is no genuine dispute that "Plaintiff cannot establish that Burlington had any notice, actual or constructive, prior to her fall of the alleged hazard [sic] condition." **Mtn.Sum.Jdg. Sec.I, ¶2**.  Defendant bases this assertion solely on the portion of Plaintiff's deposition where Plaintiff states that she does not know how long the piece of clear plastic was on the floor before she fell:

> Q:  Do you know how long the plastic was on the floor before you fell?
>
> A:  I have no idea.
>
> **Exhibit C: 63:16-18, and Defendant's Memo.**

Prior to the deposition, Plaintiff disclosed the identity of two witnesses, Isabel Melgar and Maria Antonia Samayoa, who were witnesses to the "condition of the aisles on Burlington's premises."  **See Exhibit A**.  Witness, Isabel Melgar, stated that saw clear pieces of plastic in the fall area prior to the fall:

> "On November 15, 2019, at about 4:30 p.m., I was shopping at Burlington located at 600 North Frederick Avenue, Gaithersburg, Maryland.  On this day at around this time, as

on other days that I have shopped at Burlington, I observed pieces of clear plastic on floor in the aisle next to the shoe department, including in the part of the aisle where Ms. Reina Samayoa Demendoza fell."

**See Exhibit B.**

According to Defendant's security camera video, Plaintiff's fall occurred at 17:33 or 5:33 p.m., which is over an hour after Ms. Melgar's observation.



Screenshot of surveillance video at 17:33. Plaintiff is wearing red pants.

Immediately after she fell, Plaintiff noticed the pieces of clear plastic on the floor:

Q: Okay. So, after you fell, did you observe anything on the floor?

A: Yes. When I when I fell down, I noticed that there was a lot of – some of these shiny or –sorry, not – not shiny, clear,

my mistake, clear objects around me.

**Exhibit C: 51:1-10**

Q:  Did you observe any plastic on the tile?

A:  After I fell, I notice it there.

**Exhibit C:  55:19-22**

After the fall, Plaintiff took a photo of the piece of clear plastic that was on the floor. See Image 1 below.  Later, pursuant to its policy manual, Defendant collected and photographed the same piece of clear plastic on top of Defendant's written statement and produced the photo in discovery.  See Image 2 below.





Image 1 (image has been rotated 180 degree)                              Image 2

After an investigation, Defendant's employee determined that the root cause of Plaintiff's injury was that she slipped on a piece of clear plastic that was in the aisle of

Defendant's store. Defendant emphasized to its employees that, prior to submitting an accident report, employees must investigate the injuries and determine exactly what caused the injury so that that injury can be prevented in the future. Defendant states:

"[I]t is **important to know the specifics of** the injury and **what cause it to occur**—and not merely that someone tripped over something that was left out on the floor, but **the real origin of the injury**."

"**An effective investigation looks for the root cause** of the injury and aids in preventing the injury in the future."

"These questions can lead you back to the **root cause of the injury**…"

"If possible, take note of anything learned about the **cause of the injury**."

**See Exhibit D: Burlington's Procedure for Accident Investigation and Reporting.**

After investigating the circumstance of Plaintiff's fall, Defendant's employee determined that the root cause of the injury was that Plaintiff slipped on a "small piece of plastic [on the]…tile." **See Exhibit E at p. 3.**

### III.    Standard of Review

Federal Rule of Civil Procedure 56 provides that "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FRCP 56. In ruling on a Motion for summary judgment, the courts "construe the evidence in the light most favorable to the [nonmoving party] …, and draws all reasonable inference in its favor." George & Co. LLC v. Imagination Entertainment Ltd., 575 F.3d 383 (4th Cir. 2009). The moving party is only 'entitled to judgment as a matter law'…[when] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the

burden of proof." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "Although summary judgment is 'favored as a mechanism' to avoid an unnecessary trial, it 'must be used carefully so as not…to foreclose trail on genuinely disputed, material facts." Thompson Everett, Inc. v. National Cable Adv., LP, 57 F.3d 1317, 1322-23 (45th Cir. 1995). "The question at the summary judgment stage is not whether a jury is sure to find a verdict for the plaintiff; the question is whether a reasonable jury could rationally so find." Hoyle v. Freightliner, LLC, 650 F.3d 321, 334 (4th Cir. 2011)(emphasis in original).

## IV.  Argument

Defendant's Motion for Summary Judgment must be denied, because a genuine issue exists as to whether or not Defendant had noticed that the piece of clear plastic that caused Plaintiff's fall existed on the floor prior to Plaintiff's fall. Defendant alleges that "Plaintiff cannot establish that Burlington had any notice, actual or constructive, prior to her fall of the alleged hazard [sic] condition." **Mtn.Sum.Jdg. Sec.I, ¶2**. Plaintiff asserts that Defendant, in fact, had constructive notice of the hazardous condition prior to Plaintiff's fall, and has disclosed to Defendant via Rule 26(a)(1) that two individuals, Isabel Melgar, and Maria Antonia Samayoa, witnessed the condition of the Burlington's aisles on the day of the incident. **See Exhibit A**. Isabel Melgar's affidavit, which is attached hereto, testifies that she was at Burlington at least one hour prior to the fall and saw pieces of clear plastic in the fall location. **See Exhibit B.**

In order to establish negligence in a slip-and-fall case, four elements must be proven: 1) that the tort-feasor was under a duty to protect the Plaintiff from injury; 2) that the tort-feasor breached that duty; 3) that the party seeking damages suffered an actual injury; and 4) that the injury was the proximate result of the tort-feasor's breach. *Joseph*

*v. Bozzuto Mgmt. Co.*, 173 Md. App. 305, 314, 918 A.2d 1230 (2007). <u>Avissar v. Westlake Terrace Condo.</u>, No. 0562, 2021 Md. App. LEXIS 627, at *9 (Spec. App. July 20, 2021).

In the present case, Defendant owed Plaintiff a duty of reasonable and ordinary care to keep the premises safe for Plaintiff.  An invitee is one invited or permitted to enter or remain on another's property for purposes connected with or related to the owner's business.  <u>Bramble v. Thompson</u>, 264 Md. 518, 519, 287 A.2d 265, 266 (1972). Plaintiff was an invitee, because, at the time of the fall, she was a shopper on Defendant's premises.  **Exhibit C at 42:3**. As a business invitee, Defendant owed Plaintiff a duty of reasonable and ordinary care to keep the premises safe for Plaintiff and to protect Plaintiff from injury caused by an unreasonable risk which Plaintiff, by exercising ordinary care for her own safety, would not discover. A landowner's duty to business invitees is to use reasonable and ordinary care to keep his premises in a safe condition and to protect invitees against the dangers of which the landowner is aware or which, with reasonable care, he could have discovered.  <u>Blood v. Hamami P'ship</u>, 143 Md. App. 375, 378, 795 A.2d 135, 136 (2002).

In the present case, Defendant had constructive knowledge of the piece of plastic on the floor at least one hour prior to Plaintiff's fall.  To prove liability, "it is not necessary that there be proof that an inviter onto property had actual knowledge of the conditions creating the peril to an invitee; it is enough if it appears that it could have discovered them by the exercise of ordinary care, so that, if it is shown that the conditions have existed for a time sufficient to permit one, under a duty to know of them, to discover them, had he exercised reasonable care, his failure to discover them may in itself be

evidence of negligence sufficient to charge him with knowledge of them. What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions. Among the factors that determine the extent of safety preparation that an invitee is entitled to expect, the nature of the land and the purposes for which it is used are of great importance." <u>Deering Woods Condo. Ass'n v. Spoon</u>, 377 Md. 250, 254, 833 A.2d 17, 18 (2003).

In the present case, Plaintiff's fall occurred on November 15, 2019, at 5:33 p.m.


Screenshot of surveillance video at 17:33. Plaintiff is wearing red pants.

Two individual, Isabel Melgar, and Maria Antonia Samayoa, witnesses the conditions of the aisle at Burlington.  **See Exhibit A**.  Witness, Isabel Melgar stated in her affidavit that she saw clear pieces of plastic in the fall area at least one hour prior to the fall:

> "On November 15, 2019, at about 4:30 p.m., I was shopping at Burlington located at 600 North Frederick Avenue, Gaithersburg, Maryland.  On this day at around this time, as on other days that I have shopped at Burlington, I observed pieces of clear plastic on floor in the aisle next to the shoe department, including in the part of the aisle where Ms. Reina Samayoa Demendoza fell."

**See Exhibit B.**

"The question at the summary judgment state is not whether a jury is sure to find a verdict for the Plaintiff; the question is whether a reasonable jury could rationally so find."  Hoyle v. Freightliner, LLC, 650 F.3d 321, 334 (4th Cir. 2011)(emphasis in original).  In the present case, a reasonable jury could rationally find that Defendant had notice of the piece of plastic at least one hour prior to the fall and that that was sufficient time for Defendant to have discovered the piece of clear plastic, had Defendant used reasonable care.  To prove liability "It is enough if it appears that it could have discovered them by the exercise of ordinary care, so that, if it is shown that the conditions have existed for a time sufficient to permit one, under a duty to know of them, to discover them, had he exercised reasonable care, his failure to discover them may in itself be evidence of negligence sufficient to charge him with knowledge of them.

<u>Deering Woods Condo. Ass'n v. Spoon</u>, 377 Md. 250, 254, 833 A.2d 17, 18 (2003).  For

the above reasons, a genuine dispute exists as to a material fact.  Therefore,

Defendant's Motion for Summary Judgment must be denied.

WHEREFORE, Plaintiff, Reina Samayoa Demendoza, respectfully requests that

Defendant's Motion for Summary Judgment be denied.

Respectfully submitted,

_____
Fidel A. Castro, Esquire
Bar Number: 07458
Castro & Associates
12020 Georgia Avenue, Suite A
Wheaton, Maryland 20902
Castroesquire@gmail.com
(240)608-6800 / (301) 250-7608 fax
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 4th day of December 2023, a copy of the
foregoing Opposition to Defendant's Motion for Summary Judgment was
electronically filed and emailed to:

Andrew T. Stephenson, Esquire
Colin A. Griggs, Esquire
Franklin & Prokopik
2 North Charles Street, Suite 600
Baltimore, MD 21201
*Counsels for Defendant*

_____
Fidel A. Castro