# Exhibit C

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Civil Division

REINA SAMAYOA DEMENDOZA

*Plaintiff*,

v.

BURLINGTON COAT FACTORY
WAREHOUSE CORPORATION

*Defendant*.

\* Civil Action No: 8:22-CV-02726-GJH

## SURREPLY
## TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, Reina Samayoa Demendoza, by and through her attorney, Fidel A. Castro, Esq., and, pursuant to Local Rule 105.2.a, files a surreply to Defendant's Motion for Summary Judgement, and in support thereof state the following:

### I. Introduction

On November 15, 2019, Plaintiff was a shopper at Defendant, Burlington's, store when she slipped on a piece of clear plastic that was on the tile floor of an aisle and fell fracturing her foot and causing a permanent injury to her foot. On December 19, 2023, Defendant file a replay along with an affidavit of its employee, Jang Butler. Under Rule 37(c), the Defendant's witness, Jang Butler, is barred from testifying to support Defendant's motion for summary judgment or reply. In its reply, Defendant alleges 1) that Plaintiff misrepresented the origin of a photograph that shows pieces of clear plastic on the floor, i.e. that Defendant took the photo and not the Plaintiff, and 2) that the affidavit of Isabel Melgar in support of Plaintiff's response is unreliable and submitted in bad faith. **See Df.'s Reply**.

### II. Argument

### A. Pursuant to Rule 37(c), Defendant's witness is barred testifying in the present case

Rule 37(c) bars Defendant's witness, Jang Butler from giving testimony in this case to support Defendant's motion for summary judgment or reply. Rule 37(c) state in relevant part:

> Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use the information or witness to supply evidence on a motion, at a hearing, or at trial.

Rule 26(a) provides in relevant part:

> **Required Disclosures. Initial Disclosures**...a party must, without awaiting a discovery request, provide to the other parties...the name and, if known, the address and telephone number of each individual likely to have discoverable information—that the disclosing party may use to support its claims or defenses.
>
> **Time for Initial Disclosures.** A party must make the initial discloser at or within 14 days after the parties Rule 26(f) conference.
>
> **Basis for Initial Disclosure.** A party must make its initial disclosure based on the information that is reasonably available to it. A party is not excused from making its disclosures because it has not fully investigated the case.

Defendant did not disclose Jang Butler as a witness in its mandatory Rule 26(a) disclosure. See **Exhibit A: Defendants' Rule 26(a) Disclosure**. The only witness listed in its disclosure is Gregory P. Guyton, MD. As of the date of this Motion, Defendant has not supplemented its Rule 26(a) Disclosure. Since Defendant has failed to disclose Jang Butler as a witness, Jang Butler is barred, pursuant to Rule 37(c), from providing testimony via affidavit in support of Defendant's motion for summary judgment and its reply. Therefore, the Court should not consider Defendant's replay to Plaintiff's opposition to Defendant's Motion for summary judgment.

### B. Plaintiff took the photo of the piece of clear plastic

In Defendant reply via its employee, Jang Butler's, affidavit, Defendant alleges that Jang Butler took the photo of a clear piece of plastic on the tile <u>floor</u>, and that it was taken in an area that is different from the area of the Plaintiff's fall. However, Defendant's assertion is false, because 1) Ms. Butler affidavit contradicts Defendant's prior statements that only one photo was taken, and that it was the photo of the plastic on the sheet of <u>paper</u>; 2) Ms. Butler's affidavit contradicts Defendant's prior statement that only its attorney investigated the incident; 3) Throughout the case, Plaintiff has maintained that she took the photo in question, and that she later gave it to Burlington;

4) In Plaintiff's deposition, Defendant did not challenge Plaintiff's assertion regarding the photo in question, in fact, Defendant admitted the Plaintiff took the photo.

1. **<u>Jang Butler's statement that she took the photo in question contradicts Defendant's prior statement regarding the photo</u>**

Jang Butler's assertion that she took the photograph of the piece of clear plastic on the tile floor in a location that was not the location of Plaintiff's fall is false, because she contradicts Defendant's prior statements regarding the origin of the photo. The determination of this fact is relevant, because Plaintiff claims that the same piece of clear plastic caused her to fall, and that Plaintiff took the photo after her fall. Jang Butler's states in her affidavit:

"I took a photograph of the plastic on the <u>floor</u>." **Exhibit B: Butler Affidavit at ¶4.**

Ms. Butler's statement contradicts Defendant's deposition testimony, because Defendant stated that its employees only took one photo, which was the photo of the piece of clear plastic on a <u>sheet of paper</u>, and not the photo with the piece of clear plastic on the <u>floor</u>.

> "Q: Burlington took pictures of the incident; correct?
>
> A: The pictures that I saw—the plastic pieces, I'm believing its from the Burlington employee.
>
> Q: Which pictures are those?
>
> A: Just the pieces of—plastic pieces that was on a piece of white <u>piece of paper</u>.
>
> Q: Do you have any other pictures from Burlington's employee regarding this incident?

A: No, sir."

**Exhibit C: Depo. Burlington at 32:20-22, 33:1-10.**

The contradiction between Defendant's statements tends to shows that at least one of the two statements is false, but it is more likely that Defendant's agent, Ms. Butler's, statement is false because it produced later in time, and it is self-serving.

## 2. Jang Butler's statement that she investigated the incident contradicts Defendant's prior statements regarding the investigation

Jang Butler's claim that she investigated the incident is false, because she contradicts Defendant's prior statements in Answer to Interrogatory Number 18 where Defendant states that only its attorneys investigated the incident. Ms. Butler stated:

"I walked over to the aisle where Plaintiff reported she had fallen to investigate Plaintiff's claims." **Exhibit B: Butler Affidavit at ¶4.**

Defendant was asked in Interrogatory Number 18, "Please provide the names and addresses of any and all individuals who investigated this occurrence on Defendant's behalf, including, but not limited to, any agent/representative or any other individuals that took statements from any witnesses to the accident." Defendant responded:

> "ANSWER: This party object to this Interrogatory as compound in nature. Subject to and without waiving said objection, this party's attorneys investigated the occurrence of [sic] its behalf."

**See Exhibit D: Df.'s Answer to Interrogatories.**

Defendant's contradictory statements tends to show that at least one of the statements is false, but it is more likely that Defendant's agent's statement is false, because it was produced later in time, and it is self-serving.

### 3. Throughout the case, Plaintiff has maintained that she took the photo of the clear piece of plastic on the tile floor

Defendant asserts that Plaintiff's claim that she took the photo of the clear piece of plastic on the tile floor is false. However, unlike Defendant, Plaintiff has not contradicted herself. Throughout this case, Plaintiff has maintained that she took the photo of the clear piece of plastic that was on the tile floor that caused her to fall. Throughout Plaintiff's deposition, Plaintiff maintained that she took the photo. She also provided the photo to Defendant on or about the day of the incident. At deposition, Plaintiff was asked:

"Q: And aside from this picture [Exhibit 2-the piece of clear plastic on the carpet], did—are there any other pictures that you—that you took of the plastic?

A: Yes. And one of the floor next to there because it was everywhere and—and to was on both. Both parts.

Q: I'm showing you what's been marked as Exhibit 3 [the photo of the plastic on the tile floor]. Is that the other pictures that you took?

A: Yes."

**See Exhibit E: Depo. Demendoza at 56:7-17.**

"Q: Which of these photos did you take first? Exhibit 2 [plastic on carpet] or Exhibit 3

[plastic on tile]? If you remember?

A: ...I think it was first this one then the other...

**Exhibit E at 57:6-13.**

"Q: How long after the fall did you take the pictures in Exhibit Number 3 [plastic on tile floor]?

A: I don't remember. I took the picture because I wasn't sure why I fell and I felt dumb and that's it. So I wanted to know why I fell."

**Exhibit E at 57:22, 58:1-5.**

Throughout the case Plaintiff has maintained that she took the picture of the clear piece of plastic on the floor, and Defendant has contradicted itself. After Plaintiff took the photo, she provided it to Defendant on or about the day of the incident.

### 4. At Plaintiff's deposition, Defendant did not challenge Plaintiff's assertions that she took the photo in question, in fact, Defendant admitted that Plaintiff took the photo

Defendant now asserts that Plaintiff's claim that she took the photo of the clear piece of plastic on the tile floor is false. However, this assertion comes later in time and contradicts Defendant's prior statements at Plaintiff's deposition. During Plaintiff's deposition, Defendant never challenge Plaintiff's assertion that Plaintiff took the photo in question, in fact, Defendant admitted that Plaintiff took the photo.

At Plaintiff's deposition, Defendant admitted that Plaintiff too the photo in question by asking various questions that assumed that fact:

"Q: I'm showing you what's been marked as Exhibit 3 [the photo of the plastic on the tile floor]. Is that the other pictures that you took?"

**See Exhibit E: Depo. Demendoza at 56:7-15.**

"Q: Which of these photos did you take first? Exhibit 2 [plastic on carpet] or Exhbit 3 [plastic on tile]? If you remember?"

See **Exhibit E at 57:6-13.**

"Q: How long after the fall did you take the pictures in Exhibit Number 3 [plastic on tile floor]?"

**Exhibit E at 57:22, 58:1-5.**

"Q: After you took the pictures, what, if anything, did you do?"

**Exhibit E at 60:15-16.**

"Q: The question was: What, if anything, did you do after taking the photos?"

Exhibit E at 61:5-6

"So, after you took the photo—after you took those photos, you continued to walk around?"

Exhibit E at 62:4-6.

Defendant assertion that Plaintiff's claim that Plaintiff took the photo of the clear piece of plastic on the tile floor is false, because Defendant previously admitted that Plaintiff took the photo.

### C. Isabel Melgar's Affidavit was submitted in good faith in order to respond to Defendant's Motion for summary judgment

Defendant claims that Isable Melgar's affidavit is unreliable and submitted in bad faith. However, Isabel Melgar's affidavit is reliable, because Ms. Melgar was identified early on in the case and her proposed testimony regarding the condition of the Burlington's

aisles was disclosed pursuant to Rule 25(a). Ms. Melgar's affidavit is consistent with Plaintiff's Rule 26(a) disclosure, because, in her affidavit, she testifies to the condition of the aisle on Burlington's premises. See Exhibit F: Plaintiff's Rule 26(a) Disclosure. Also, Ms. Melgar's affidavit was submitted it in good faith pursuant to Rule 56, after Defendant file its motion for summary judgment.

## Conclusion

Defendant's reply should not be considered by the Court, because Defendant's witness, Jang Butler's, testimony is barred by Rule 37(c), Ms. Butler's claims that she took the photo of the clear plastic on the tile floor is false, because her statements contradict prior statement that its employees only too one photo, that that photo was not the photo in question, and that only the Defendants attorneys investigated the incident and not Ms. Butler, Plaintiff has not contradicted herself and has maintained throughout the case the Plaintiff took the photo in question, Defendant admitted that Plaintiff took the photo.

Respectfully submitted,

_____
Fidel A. Castro, Esquire
Bar Number: 07458
Castro & Associates
12020 Georgia Avenue, Suite A
Wheaton, Maryland 20902
Castroesquire@gmail.com
(240)608-6800 / (301) 250-7608 fax
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 29th day of December 2023, a copy of the foregoing Surreply to Defendant's Motion for Summary Judgment was served as an attachment to Plaintiff's Motion for Leave to File Surreply was served via pre-postage first-class on Defendant's Counsel:

Andrew T. Stephenson, Esquire
Colin A. Griggs, Esquire
Franklin & Prokopik
2 North Charles Street, Suite 600
Baltimore, MD 21201
*Counsel for Defendant*

_____
Fidel A. Castro