# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REINA SAMAYOA DEMENDOZA | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: 8-22-CV-02726-ADC |
| BURLINGTON COAT FACTORY WAREHOUSE CORPORATION | * | |
| | * | |
| Defendant | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF SERVICE REGARDING DISCOVERY

I HEREBY NOTIFY that on this 26th day of July 2023, that a copy of this Notice of Service

of Discovery and a copy of Defendant, Burlington Coat Factory Warehouse Company's Answers

to Plaintiff's Interrogatories were served via email upon:

Fidel A. Castro, Esq.
Castro & Associates, LLC
12020 Georgia Avenue, Suite A
Wheaton, MD 20902
castroesquire@gmail.com
***Attorney for Plaintiff***

                                          */s/ Colin A. Grigg, Esq.*
                                          Andrew T. Stephenson, Esq. (#26504)
                                          Colin A. Grigg, Esq. (#30333)
                                          Franklin & Prokopik
                                          The B&O Building
                                          Two North Charles Street, Suite 600
                                          Baltimore, Maryland 21201
                                          (410) 752-8700
                                          (410) 752-6868 (fax)
                                          astephenson@fandpnet.com
                                          cgrigg@fandpnet.com
                                          ***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 26th day of July 2023, that a copy of this Notice of

Service of Discovery and a copy of Defendant, Burlington Coat Factory Warehouse Company's

Interrogatories to Plaintiff were served via email upon:

Fidel A. Castro, Esq.
Castro & Associates, LLC
12020 Georgia Avenue, Suite A
Wheaton, MD 20902
castroesquire@gmail.com
***Attorney for Plaintiff***

                           */s/ Colin A. Grigg, Esq.*
                           Colin A. Grigg, Esq. (#30333)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REINA SAMAYOA DEMENDOZA     *

      Plaintiff                  *

v.                             *       Civil Action No.: 8-22-CV-02726-ADC

BURLINGTON COAT FACTORY     *
WAREHOUSE CORPORATION
                            *

      Defendant
\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## ANSWERS TO INTERROGATORIES

**TO:**       **Reina Samayoa DeMendoza,** *Plaintiff*

**FROM:**     **Burlington Coat Factory Warehouse Corporation,**
                 ***Defendant***

Defendant, Burlington Coat Factory Warehouse Corporation, by its undersigned attorneys, and in Answer to Interrogatories propounded by Plaintiff, Reina Samayoa DeMendoza, states that:

The information supplied in these Answers to Interrogatories is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and, unless privileged, attorneys. The word usage and sentence structure of the attorney does not purport to be the exact language of the executing party. The Defendant answers as follows:

## GENERAL STATEMENT AND OBJECTIONS

1.      The information supplied in these Answers to Interrogatories is not based solely on the knowledge of the executing party, but includes the knowledge of the party's agents, representatives, and, unless privileged, attorneys.

1

2.      The word usage and sentence structure of the attorney does not purport to be the exact language of the executing party.

3.      This Party objects to the Interrogatories to the extent that they are oppressive, unduly burdensome, overly broad and/or not reasonably calculated to lead to the discovery of relevant evidence.

4.      This Party objects to the Interrogatories to the extent that the information requested therein is subject to, or covered by, the attorney-client privilege, the work product doctrine, trial preparation privileges or limitation on discovery recognized by law.

5.      This Party objects to the Interrogatories to the extent that they contain misstatements or mischaracterizations of fact or law.

6.      This Party objects to the Interrogatories to the extent that they are unreasonably cumulative or duplicative.

7.      This Party's answers are based on the information presently available to it, and during or following discovery, this Party reserves the right to amend its answers and to interpose additional objections as to same or move for an appropriate protective order.

8.      These answers are continuing in nature only to the extent required by the rules of the court.

Without waiving, and subject to the above objections, this Party's Answers are as follows:

## **ANSWERS**

**INTERROGATORY NO 1.** Identify the person responding to these interrogatories for

Defendant. Please identify in your answer each person who had provided information in

connection with these interrogatory answers.

**ANSWER:    Objection.  The identity of any individual who prepared or assisted in the preparation of these interrogatory answers is not discoverable.  E.g., <u>Maple Drive-In Theatre Corp. v. Radio-Keith-Orpheum Corp.</u>, 153 F. Supp. 240, 244 (S.D.N.Y. 1956) (it is proper to ask only for those with knowledge of relevant facts, not those who help prepare interrogatory answers); <u>United States v. National Steel Corp.</u>, 26 F.R.D. 599, 600 (S.D. Tex. 1960) (same); <u>Hopkinson Theatre, Inc. v. RKO Radio Pictures, Inc.</u>, 18 F.R.D. 379, 383 (S.D.N.Y. 1956) (same).  Subject to and without waiving said objection, these interrogatory answers are executed by Kwaku Donyina, store manager at Burlington Coat Factory Warehouse Corporation ("Burlington").**

**INTERROGATORY NO 2.**  Describe in detail how the occurrence took place. (Standard

Motor Tort Interrogatory No.3)

**ANSWER:    Defendant objects to this Interrogatory to the extent that it seeks to improperly shift the burden of proof from Plaintiff to Defendant and said burden rests solely on Plaintiff. Defendant is entitled to rely on Plaintiff's failures of proof as a defense in this matter and demands strict proof of each and every one of Plaintiff's allegations. Subject to and without waiving said objection, on November 15, 2019, at approximately 5:33 p.m. Plaintiff was wearing high heel shoes and walking down the aisle in Burlington store #303. Plaintiff stumbled over her shoes and fell to the floor. Plaintiff subsequently manufactured the alleged dangerous condition which Plaintiff claims caused her to fall. All events were captured on Defendant's store surveillance video, which Defendant references, adopts, and incorporates herein. The video depicts Plaintiff fall. Plaintiff then stands up and walks away. Plaintiff proceeds to shop in the women's shoe section for about 24 minutes before returning to an area about 10-15 feet away from the fall location where Plaintiff appears to take photos of suspected objects/debris on the floor. After taking the photos, Plaintiff continues to shop around the store for approximately 50 minutes before reporting the incident to a Burlington employee.**

**INTERROGATORY NO 3.**  Identify all persons who were witnesses to the occurrence and state

their location at the time of the occurrence, and whether they were agents/employees of the

Defendant.

**ANSWER:    Defendant does not know the identity of any persons who were witnesses to the alleged occurrence.**

**INTERROGATORY NO 4.** Identify all persons who were at or near the scene at the time of the

occurrence, and whether they were agents of the Defendant.

**ANSWER:    Defendant objects to this Interrogatory as overbroad and unduly burdensome. The alleged occurrence took place in a retail store that is open to the public. As such, there were likely many patrons of the store who were "at or near the scene" at the time of the alleged occurrence. Defendant has no way of knowing or obtaining the identity of all patrons who may have been at or near the scene of the alleged occurrence.**

**INTERROGATORY NO 5.** Identify all photographs, videotapes, plats, diagrams, or other

depictions of the scene or of things connected with the occurrence that are in your possession, and

attached them to your answer.

**ANSWER:    Defendant's attorneys are in possession of 13 photographs which depict the Plaintiff, Plaintiff's ankle/foot, pieces of plastic, and a pair of shoes. Defendant's attorneys are also in possession of store surveillance video which is approximately 2 hours and 15 minutes in length. All photos and video have been produced to Plaintiff.**

**INTERROGATORY NO 6.** Identify all persons who have given you "statements," as that term

is defined in Rule 2-402 (f), concerning the action or its subject matter. For each statement, state

the date on which it was given and identify the custodian, and attach a copy to your answer.

**ANSWER:    On November 15, 2019, at approx. 7:00PM, Plaintiff reported the alleged occurrence to employees of Burlington Coat Factory Warehouse Company ("Burlington") store # 00303. Defendant's attorneys are in possession of Plaintiff's written statement, which has been produced to the Plaintiff.**

**INTERROGATORY NO 7.** If you contend that a person not a party to this action caused or

contributed to the occurrence, identify each such person and state concisely the facts upon

which you rely. (Standard Motor Tort Interrogatory No.15)

**ANSWER:    Defendant objects to this Interrogatory to the extent that it seeks a legal conclusion regarding causation. Subject to and without waiving this objection, this party makes no such contention at this time. As discovery is ongoing, Defendant reserves the right to supplement this response.**

**INTERROGATORY NO 8.** **Identify** each **person,** other than a **person** intended to be called

as an expert witness at trial, having discoverable information that tends to support a position

4

that you have taken or intend to take in this action, including any claim for damages, and state

the subject matter of the information possessed by that **person.** (Standard General

Interrogatory No. 1.)

**ANSWER:**    This party objects to this Interrogatory on the basis that it is overly broad,
**vague, ambiguous, unduly burdensome, without sufficient definition and/or limitation, and**
**seeks information that was prepared in anticipation of litigation and information that is**
**protected by the attorney client privilege and attorney work product doctrine. Moreover,**
**this party is not required to disclose the mental impressions, conclusions, opinions, or legal**
**theories of counsel.**

**INTERROGATORY NO 9.  Identify** each **person** whom you expect to call as an expert witness

at trial, state the subject matter on which the expert is expected to testify, state the substance of the

findings and opinions to which the expert is expected to testify, and a summary of the grounds for

each opinion, and, with respect to an expert whose findings and opinions were acquired in

anticipation of litigation or for trial, summarize the qualifications of the expert, state the terms of

the expert's compensation, and attach to your answers any available list of publications written by

the expert and any written report made by the expert concerning the expert's findings and opinions.

(Standard General Interrogatory No. 2.)

**ANSWER:**    Gregory P. Guyton, MD, is Board Certified in Orthopaedic surgery.  It is
**expected that Dr. Guyton will be called to testify at trial regarding the nature and extent of**
**the Plaintiff's complaints, their causation, and the reasonableness and necessity of the**
**Plaintiff's medical treatment and expenses.  These opinions will be based on Dr. Guyton's**
**examination of the Plaintiff, a review of Plaintiff's medical records in this matter, his**
**background, training, and experience, including relevant scientific and/or medical**
**literature, review of films, deposition testimony, available documents from discovery, and**
**independent research.  It is also expected that Dr. Guyton will be called to testify regarding**
**the extent and nature of any alleged permanent or continuing complaints and any future**
**medical treatment which the Plaintiff may require or alleges that she may require. A copy**
**of Dr. Guyton's Curriculum Vitae, a list of testimony given, and his fee schedule are**
**produced herewith.  Any reports, to the extent any are prepared, will be produced upon**
**receipt of the same.  This party also reserves the right to call any expert called or identified**
**by any other party, including Plaintiff's treating physicians and medical providers.**

**INTERROGATORY NO 10.** If you intend to rely upon any **documents,** electronically stored information, or tangible things to support a position that you have taken or intend to take in the action, including any claim for damages, provide a brief description, by category and location, of all such **documents,** electronically stored information, and tangible things, and **identify** all **persons** having possession, custody, or control of them, and attach them to your answer. (Standard General Interrogatory No. 3.)

**ANSWER:** **Defendant objects to this Interrogatory as it seeks information that was prepared in anticipation of litigation and information that is protected by the attorney client privilege and attorney work product doctrine. Moreover, Defendant is not required to disclose the mental impressions, conclusions, opinions, or legal theories of counsel. Defendant reserves the right to rely on any documents or tangible things produced or identified by any party throughout the course of discovery.**

**INTERROGATORY NO 11.** State whether you have within your control, or have knowledge of, any transcripts of testimony in any proceeding arising out of the occurrence. If so, state the date, the subject matter, the name and business address of the person recording said testimony, and the name and address of the person who has present possession of each said transcript of testimony.

**ANSWER:** **None.**

**INTERROGATORY NO 12.** Do you contend that Plaintiff caused or contributed to the accident? If so, describe in detail the basis for your contention and attach all documents, including photographs, which may support such a contention.

**ANSWER:** **This party objects to this Interrogatory to the extent that it seeks a legal conclusion regarding causation and to the extent that it seeks the mental impressions, conclusions, opinions, or legal theories of counsel. Subject to, and without waiving, said objections, Defendant contends that Plaintiff caused or contributed to her own injuries and failed to exercise due care for her own safety. Specifically, Defendant contends that Plaintiff stumbled over the high heel shoes she was wearing and subsequently manufactured the alleged dangerous condition which Plaintiff claims caused her to fall. All events were captured on store surveillance video, which Defendant references, adopts, and incorporates herein. See Answer to Interrogatory No. 2.**

**INTERROGATORY NO 13.** If you contend that Plaintiff acted in such a manner as to expose him/herself to an unnecessary or unreasonable risk of injury, give a concise statement of the facts upon which you rely.

**ANSWER:**    See Answer to Interrogatory No. 12.

**INTERROGATORY NO 14.** If you contend that the injuries and disability complained of by Plaintiff were the result of prior or subsequent injuries or illnesses, give a concise statement of the facts upon which you rely.

**ANSWER:    This party objects to this Interrogatory, see Sperti v. Muhr, MD DISCOVERY OPINIONS. Without waiving this objection, this party contends that Plaintiff was not injured as alleged as a result of the occurrence.   Further, Plaintiff has knowledge of all facts regarding any prior or subsequent sickness, condition, activity, or injury not connected with the occurrence.  This party reserves the right to supplement this Answer during the course of discovery and if and when additional information becomes available, up to and including at trial.**

**INTERROGATORY NO 15.** If you contend that the Plaintiff acted in such a manner as to aggravate the injuries suffered in the occurrence complained of, give a concise statement of the facts upon which contention is based, specifying how the injury was aggravated, and the amount of damages which you attribute to the aggravation of the injury.

**ANSWER:    This party objects to this Interrogatory as it seeks information that is protected by the attorney work product doctrine. This party is not required to disclose the mental impressions, conclusions, opinions, or legal theories of counsel.  Without waiving this objection, see Answer to Interrogatory No. 12.**

**INTERROGATORY NO 16.** If you contend that the Plaintiff was not injured as alleged and/or that the subject occurrence did not proximately cause the injuries as alleged by the Plaintiff, state the basis for such contention and attach any documents in support thereof.

**ANSWER:    This party objects to this Interrogatory on the basis that it seeks to improperly shift the burden of proof from Plaintiff to this party and said burden rests solely on Plaintiff. This party is entitled to rely on Plaintiff's failures of proof as a defense in this matter and demands strict proof of each and every one of Plaintiff's allegations. This party**

further objects to this Interrogatory on the basis that it seeks a legal conclusion regarding causation and seeks information that is protected by the attorney work product doctrine. Moreover, this party is not required to disclose the mental impressions, conclusions, opinions, or legal theories of counsel.

**INTERROGATORY NO 17.**  If you contend that the Plaintiff is exaggerating his/her injuries,

please state the basis for such a contention.

**ANSWER:**    This party objects to this Interrogatory on the basis that it seeks information that is protected by the attorney work product doctrine.  Moreover, this party is not required to disclose the mental impressions, conclusions, opinions, or legal theories of counsel.

**INTERROGATORY NO 18.**  Please provide the names and addresses of any and all individuals

who investigated this occurrence on Defendant's behalf, including, but not limited to, any

agent/representative or any other individuals that took statements from any witnesses to the

accident.

**ANSWER:**    This party objects to this Interrogatory as compound in nature. Subject to and without waiving said objection, this party's attorneys investigated the occurrence of its behalf.

**INTERROGATORY NO 19.**  If any person carrying on an insurance business might be liable to

satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse

for payments made to satisfy the judgment, identify that person, state the applicable policy limits

of any insurance agreement under which the person might be liable, and describe any questions or

challenges raised by the person relating to coverage for this action.

**ANSWER:**    This Party objects to this Interrogatory as irrelevant and not reasonably calculated to lead to discovery of admissible evidence. Subject to, and without waiving, said objections, see attached commercial general liability declarations for Safety National Casualty Corp policy # GL 4055903.

**INTERROGATORY NO 20.**  State whether, at any time during the five years prior to the date

of the subject occurrence or subsequent to the date of the occurrence, you have been involved in a

slip or trip and fall personal injury lawsuit or insurance claim. If so, for each incident identify the

8

name of the court in which suit was filed, the insurance company handling the claim, the name of

the parties involved, the case/claim number, the verdict or settlement amount, and the alleged facts

of the occurrence.

**ANSWER:**    **This party objects on the basis that the Interrogatory is comprised of several interrogatories and sub-parts thus clearly exceeds the permissible limit of 25 interrogatories pursuant to Rule 33. This party further objects to this Interrogatory as it is overbroad, unduly burdensome, not sufficiently limited in time and scope, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO 21.**  During the five-year period before this incident, did you receive

any reports and/or complaints with regard to the condition of the floors and/or walking surfaces in

the area where this incident occurred? If so, please state:

      a. The date of such complaint and/or report;

      b. Whether or not you have maintained any documentary material of any kind or

         nature relating or referring to such complaints and/or reports;

      c. What action, if any, was taken by you with respect to such complaint and/or

         report.

**ANSWER:**    **This party objects on the basis that the Interrogatory is comprised of several interrogatories and sub-parts thus clearly exceeds the permissible limit of 25 interrogatories pursuant to Rule 33. This party further objects to this Interrogatory as it is overbroad, unduly burdensome, not sufficiently limited in time and scope, and seeks irrelevant information that is not reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO 22.**  On the date of this incident, did you have a system or routine of

any kind whereby the floors and/or carpeting and/or walking surfaces or the area where this

incident occurred were inspected and/or maintained? If so, please state:

      a. A general description of such system or routine;

b. The name, address, and particular duties of each person directly involved in such a system or routine of inspection and/or maintenance in the general area where the incident occurred as of the date of this incident;

c. The name, title, address, and particular duties of each persona responsible for the general supervision of the operation of such systems or routine as of the date of this incident;

d. The date on which such a system or routine went into effect;

e. Whether or not the such system is presently in effect.

**ANSWER:**    **Defendant objects on the basis that the Interrogatory is comprised of several Interrogatories and sub-parts thus clearly exceeds the permissible limit of 25 Interrogatories pursuant to Rule 33. Defendant further objects to this Interrogatory as it is overbroad, unduly burdensome, and without sufficient definition and limitation. Moreover, Defendant objects to this Interrogatory to the extent that it seeks to improperly shift the burden of proof from Plaintiff to this party and said burden rests solely on Plaintiff. Defendant is entitled to rely on Plaintiff's failures of proof as a defense in this matter and demands strict proof of each and every one of Plaintiff's allegations. Without waiving and subject to these objections, Defendant never received any complaint or report regarding the piece of plastic that Plaintiff falsely claims to have been the cause of her fall.**

**INTERROGATORY NO 23.**  As of the date of this incident, did the named defendant hire any other individual or entity to assist with maintenance or care of the area where this incident occurred? If so, please state:

a. The name and address of each individual or entity;

b. Describe generally the functions and/or duties of each individual or entity;

c. Whether any agreement existed between the named defendant and any individual or entity, and if so, state the terms of any such agreement. (If in writing, in lieu of stating all terms, you may produce a copy of the agreement.)

**ANSWER:**    **This party objects on the basis that the Interrogatory is comprised of several Interrogatories and sub-parts thus clearly exceeds the permissible limit of 25 Interrogatories pursuant to Rule 33. This party further objects to this Interrogatory on the**

basis that is seeks irrelevant information. **Subject to and without waiving said objection, Excel Building Services cleans the floors of the premises on a daily basis prior to store opening.**

**INTERROGATORY NO 24.**  On the date of this incident, was there any inspection made of the area where the incident occurred prior to the time of this incident? If so, please state:

     a.  The name, address, occupation, and employer of each person making each inspection;

     b.  The date and time each such inspection was made;

     c.  The name, address, occupation, and employer of the person having present custody of any written log or other documents referencing each such inspection.

**ANSWER:**    **This party objects on the basis that the Interrogatory is comprised of several Interrogatories and sub-parts thus clearly exceeds the permissible limit of 25 Interrogatories pursuant to Rule 33. This party further objects to this Interrogatory to the extent that it seeks to improperly shift the burden of proof from Plaintiff to this party and said burden rests solely on Plaintiff. Defendant is entitled to rely on Plaintiff's failures of proof as a defense in this matter and demands strict proof of each and every one of Plaintiff's allegations.**

**INTERROGATORY NO 25.**  Did you or any agent or employee of the defendant have any knowledge of the existence of the substance alleged by the Defendant in the Complaint to have caused her fall? If so, please state:

     a.  How you or any agent or employee of the defendant acquired such knowledge;

     b.  How long you or any agent or employee of the defendant knew the alleged condition had existed prior to the alleged occurrence.

**ANSWER:**    **None.**

11

_/s/ Colin A. Grigg, Esq._
Andrew T. Stephenson, Esq. (#26504)
Colin A. Grigg, Esq. (#30333)
The B&O Building
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
(410) 752-8700
(410) 752-6868 (fax)
astephenson@fandpnet.com
cgrigg@fandpnet.com
_Attorneys for Defendant_

**Answers to Interrogatories
– Oath (Corporate Verification)**

I, <u>Kwaku Donyina</u>, am duly authorized by the corporation to execute these Answers to Interrogatories under oath on its behalf. The information set forth in these answers was collected by others, and such information is not necessarily within my personal knowledge. However, on behalf of the corporation, I solemnly affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true to the best of my knowledge, information and belief.

Kwaku Donyina