IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

REINA SAMAYOA DEMENDOZA,    *

   Plaintiff,        *

    vs.         *   Civil Action No. ADC-22-2726

BURLINGTON COAT FACTORY   *
WAREHOUSE CORPORATION,   *

   Defendant.     *

* * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

  Defendant, Burlington Coat Factory Warehouse Corporation ("Defendant" or "Burlington"), moves this Court for summary judgment (the "Motion") (ECF No. 46) on Plaintiff Reina Samayoa Demendoza's ("Plaintiff") Second Amended Complaint (ECF No. 4). After the Motion was fully briefed, Plaintiff filed a Motion for Leave to File a Surreply, which is also pending. (ECF No. 66).[1] After considering both Motions and the responses thereto (ECF Nos. 46, 60, 61, 64, 66), the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2023). The Court will GRANT Plaintiff's Motion for Leave to File a Surreply. In addition, having reviewed the pleadings of record and all competent and admissible evidence submitted by the parties, the Court finds that there are genuine issues of material fact as to the claim asserted. Accordingly, the Court will DENY Defendant's Motion for Summary Judgment.

---

[1] On February 23, 2023, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with Standing Order 2019-07. ECF No. 12. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 15.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 15, 2019, Plaintiff entered the Burlington store located at 600 North Frederick Avenue in Gaithersburg, Maryland. ECF No. 4 at ¶ 4. Plaintiff was wearing high-heeled shoes. *See* ECF No. 46-1 at 2. She first browsed the jewelry section in the front of the store and then proceeded to the women's dress section. ECF No. 46-1. From the women's dresses, Plaintiff continued to the women's shoe section. *Id.* While walking there, Plaintiff tripped and fell to the ground, injuring her right foot. ECF No. 46-4 at 3. Plaintiff alleges that she slipped on a piece of clear plastic, because when she fell, she noticed "clear objects around me." *See* ECF No. 46-3 at 51:1–10. Next, Plaintiff asserts that she was assisted by a female store employee who took pictures of the surrounding area and Plaintiff's injury while also informing Plaintiff that the incident had been captured by Burlington's security cameras. ECF No. 46-4 at 3. Plaintiff also testified that "[a]fter I fell, I noticed [plastic] [on the tile] and I noticed that it was kind of strewn throughout the store." ECF No. 61. Following the fall, Plaintiff went to the shoe aisle to find shoes with less of a heel to change into, because her ankle was hurting. ECF No. 66-9 at 49:3–7. Around 7:00 p.m., Plaintiff reported the incident to a Burlington cashier, and an ambulance was called which took her to the hospital at around 7:20 p.m. *See* ECF Nos. 46-1, 60.

On October 24, 2022, this case was removed from the Circuit Court for Prince George's County. ECF No. 1. On October 16, 2023, Burlington filed a Motion for Summary Judgment. After the Court granted the consent Motion to Extend Time for Plaintiff to Respond to a Motion for Summary Judgment on October 25, 2023 (ECF No. 46), Plaintiff responded in opposition on December 4, 2023. ECF Nos. 60, 61. Burlington then replied. ECF No. 64. On December 29, 2023, Plaintiff filed a Motion for Leave to Filed a Surreply. ECF No. 66.

2

### STANDARDS OF REVIEW

"Though surreplies are generally not permitted, see Local Rule 105.2(a), the Court in its discretion may allow a party to file a surreply." *Boland v. Amazon.com Sales, Inc.*, 628 F.Supp.3d 595, 599 (D.Md. 2022) (citing *EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D.Md. 2013), *aff'd in part*, 778 F.3d 463 (4th Cir. 2015)). This discretion is typically exercised to allow parties to respond to new matters raised for the first time in the opposing parties' reply briefs. *Id.*; *see Khoury v. Meserve*, 268 F. Supp. 2d 600, 605 (D.Md. 2003), *aff'd*, 85 F. App'x 960 (4th Cir. 2004). *See also Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C. 2001) ("The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply.").

Pursuant to Rule 56, a movant is entitled to summary judgment where the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(a). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." (emphasis in original)). An issue of fact is material if, under the substantive law of the case, resolution of the factual dispute could affect the outcome. *Anderson*, 477 U.S. at 248. There is a genuine issue as to material fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*; *see Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). On the other hand, if after the Court has drawn all reasonable inferences in favor of the nonmoving party, and "the evidence is merely colorable,

3

or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (citations omitted).

The party seeking summary judgment bears the initial burden of establishing either that no genuine issue of material fact exists or that a material fact essential to the non-movant's claim is absent. *Celotex Corp.*, 477 U.S. at 322-24. Once the movant has met its burden, the onus is on the non-movant to establish that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In order to meet this burden, the non-movant "may not rest upon the mere allegations or denials of [its] pleadings," but must instead "set forth specific facts showing that there is a genuine issue for trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed.R.Civ.P. 56(e)).

## DISCUSSION

*Motion for Leave to File a Surreply*

I will first address Plaintiff's Motion for Leave to File a Surreply. ECF No. 66. Plaintiff argues that she is justified in filing a Surreply because Burlington has raised a new issue in its Reply memorandum, namely, the assertion that Plaintiff did not take the photograph depicted as "Image 1" in her Response in Opposition to Defendant's Motion for Summary Judgment. *See* ECF Nos. 60, 64. I find that Burlington has raised this issue for the first time in its Reply brief, such that, absent filing a Surreply, Plaintiff would be unable to contest the new matter presented to the Court in Burlington's Reply brief. *See Lewis*, 154 F.Supp.2d at 61. Therefore, Plaintiff's Motion for Leave to File a Surreply is GRANTED, and I will consider the arguments contained in Plaintiff's Surreply in the analysis below. ECF No. 66; *see Boland,* 628 F.Supp.3d at 599.

4

*Motion for Summary Judgment*

Burlington first argues that it is entitled to judgment as a matter of law because Plaintiff "has not adduced any evidence that a hazard existed on the floor prior to her fall[.]" ECF No. 46-1. As I construe its brief, Burlington also argues in the alternative that, even assuming that a hazard existed on the floor prior to the incident, Plaintiff has not presented any evidence that Burlington had constructive notice of such a hazard. *Id.*

A claim for negligence requires a plaintiff to prove "1) that the defendant was under a duty to protect the plaintiff from injury, 2) that the defendant breached that duty, 3) that the plaintiff suffered actual injury or loss, and 4) that the loss or injury proximately resulted from the defendant's breach of that duty."[2] *Steamfitters Local Union No. 602 v. Erie Ins. Exch.*, 469 Md. 704, 727 (2020). It is further well-established in Maryland that the duty of care owed by an owner or occupier of the premises in "slip and fall" cases is determined by the owner's legal relationship to the person entering the premises. *Garner v. Supervalu, Inc.*, 396 F. App'x 27, 29 (4th Cir. 2010) (per curiam). A business invitee is one who enters the property for a business purpose. *Rehn v. Westfield America*, 153 Md.App. 586, 592–93 (2003) (citation omitted). One in possession of land and operating a store owes a business invitee "the duty of reasonable care for the protection of the business invitee." *Tucker v. KFC Nat. Mgmt. Co.*, 689 F.Supp. 560, 562 (D.Md. 1988), aff'd, 872 F.2d 419 (4th Cir. 1989).

A storekeeper has a duty to protect a business invitee "against dangers which may arise from some...unsafe condition...[and] dangers which may be caused by negligent acts of his employees." *Giant Food, Inc. v. Mitchell*, 334 Md. 633, 636–37 (1994) (quoting *Eyerly v. Baker*,

---

[2] A federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court is located. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Therefore, the Court will apply Maryland law to analyze this Motion with respect to Plaintiff's negligence claim.

168 Md. 599, 607 (1935)). There are, however, limits to the duty. Liability for negligence is not presumed simply because a business invitee is injured on storekeeper's premises. *Rehn*, 153 Md.App. at 593. "The evidence must show not only that a dangerous condition existed, but also that proprietor had actual or constructive knowledge of it, and that that knowledge was gained in sufficient time to give the owner the opportunity to remove [the hazard] or to warn the invitee." *Id.* (citations omitted). Furthermore, evidence to support a negligence claim must be more than "mere speculation or conjecture": it must provide "a logical relation and connection between the circumstances proved and the conclusion sought to be adduced from them." *Rawls v. Hochschild, Kohn & Co.*, 207 Md. 113, 119 (1955) (quoting *Benedick v. Potts*, 88 Md. 52, 55 (1898)).

Plaintiff must first prove the existence of the dangerous condition. *See Rehn*, 153 Md.App. at 593. While the Court normally does not resolve factual disputes, "a party's self-serving opinion ...cannot, absent objective corroboration, defeat summary judgment." *McCoy v. Biomet Orthopedics*, LLC, No. CV ELH-12-1436, 2021 WL 252556, at *21 (D.Md. Jan. 25, 2021) (quoting *CTB, Inc. v. Hog Slat, Inc.*, 954 F.3d 647, 658–59 (4th Cir. 2020)) (applying the stated principle to a motion for summary judgment on a negligence claim).

Here, Plaintiff has provided the Court with sufficient evidence demonstrating the existence of the dangerous condition, i.e., the clear plastic on the floor. In addition to her own testimony that she noticed clear pieces of plastic on the ground after she fell (ECF No. 46-3 at 55:19–22), Plaintiff's Response contains two images allegedly depicting the plastic in question. ECF No. 46. Image 1 shows what appears to be a clear material on a tile floor.[3] *Id.* The tile in Image 1 matches

---

[3] Much of Burlington's Reply brief, and Plaintiff's Surreply, are dedicated to the origins of "Image 1." Plaintiff contends that she took the photograph and then gave it to Burlington staff (ECF No. 66), while Burlington argues that the photograph was taken by Jang Butler, a Burlington loss prevention officer. ECF No. 64. It is not necessary for the Court to resolve this dispute in order to rule on the present Motion. The parties are in agreement that the image contains a clear piece of

the tile on which Plaintiff was walking when she fell. *Id.* Plaintiff contends that Image 2 depicts

the same piece of plastic on top of a written statement describing the incident. *Id.* Plaintiff has also

produced a customer accident report, created by a Burlington staff member on the day of the

incident. *Id.* The statement reads in relevant part that "[c]ustomer was shopping in ladies shoes,

walking down the main aisle. She stepped on a piece of plastic on the floor and fell hurting her

right ankle at 5:55 pm." *Id.* Finally, Plaintiff has produced the following affidavit testimony from

Ms. Isabel Melgar[4], a fellow Burlington shopper:

> On November 15, 2019 at 4:30 p.m., I was shopping at Burlington located at 600
> North Frederick Avenue, Gaithersburg, Maryland. On this day around this time,
> as on other days that I have shopped at Burlington, I observed pieces of clear
> plastic on floor [sic] in the aisle next to the shoe department, including in the part
> of the aisle where Ms. Reina Samayoa Demendoza fell.

ECF No. 60.

Burlington seeks to discredit this testimony, arguing that (1) the incident took place too

long ago for Ms. Melgar to remember accurately, and (2) Ms. Melgar has a personal relationship

with Plaintiff. *See* ECF No. 64. However, the kinds of credibility determinations that Burlington

asks to the Court to make are the exclusive province of the jury. "The district court's 'function' is

not 'to weigh the evidence and determine the truth of the matter but to determine whether there is

a genuine issue for trial.'" *Allstate Insurance Company v. Rochkind*, 381 F.Supp.3d 488, 507

---

plastic which ultimately was presented to Burlington employees when Plaintiff reported the
incident. Indeed, the opposing testimony regarding the origins of Image 1 only underscores that
this case contains triable issues of fact that must be put to the jury and that summary judgment is
inappropriate.

[4] In her Memorandum in Opposition to Defendant's Motion for Summary Judgment, Plaintiff
states that "two witnesses, Isabel Melgar and Maria Antonia Samayoa, were witnesses to the
conditions of the aisle at the subject Burlington's location." However, Plaintiff has only included
an affidavit from Ms. Melgar and has not provided the Court with any evidence from Ms. Samayoa
consistent with Federal Rule of Civil Procedure 56(a), i.e., "pleadings, depositions, answers to
interrogatories, and admissions on file, together with affidavits, if any."

D.Md. 2019) (citing *Anderson*, 477 U.S. at 249). Therefore, "in considering a summary judgment

motion, the court may not make credibility determinations." *Rochkind*, 381 F.Supp.3d 488 at 507

(citing *Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015)).

Burlington also argues that "Plaintiff never disclosed Isabel Melgar as a fact witness to

the specific alleged dangerous condition, i.e., the clear pieces of plastic on the floor...Plaintiff

has repeatedly identified Isabel Melgar as a person having discoverable information only as to

the noneconomic damages allegedly sustained by the Plaintiff." ECF No. 64 at 5. However, as

Burlington concedes, in Plaintiff's Amended Rule 26(a)(1) disclosures, Plaintiff identified Ms.

Melgar as a witness who has "information as to noneconomic damages suffered by the Plaintiff,

**and the condition of the aisles on Burlington's premises.**" ECF No. 64-8 (emphasis in the

original). Viewing all evidence in the light most favorable to Plaintiff, I find that a reasonable

jury could determine that a dangerous condition existed on Burlington's floor. *Anderson*, 477

U.S. at 248.

Still, Plaintiff must prove that Burlington had constructive notice of the dangerous

condition. *See Rehn*, 153 Md.App. at 593. "A business invitor is deemed to have constructive

notice of a hazardous condition on its premises when 'it appears that the storekeeper could have

discovered the condition by the exercise of ordinary care.'" *Konka v. Wal-Mart Stores, Inc.*, 133

F.3d 915, 1998 WL 24378, at *3 (4th.Cir. 1998) (quoting *Rawls*, 207 Md. 113, 120 (1955)). To

prove constructive knowledge, it "is necessary for the plaintiff to show how long the dangerous

condition has existed." *Joseph v. Bozzuto Management Co.*, 173 Md.App. 305, 316 (2007).

Plaintiff cannot recover "unless it appears that the storekeeper could have discovered the condition

by the exercise of ordinary care so that, if it is shown that the condition existed for a length of time

sufficient to permit a person under a duty to discover it if he had exercised ordinary care, his failure

8

to discover it may in itself be evidence of negligence sufficient to charge him with knowledge of it." *Rybas v. Riverview Hotel Corp.*, 21 F.Supp.3d 548, 567 (D.Md. 2014) (citing *Rawls*, 207 Md. at 120). Time on the floor evidence "is relevant, not only as to notice but also as to the issue of what care was exercised." *Rybas*, 21 F.Supp.3d at 568 (quoting *Maans v. Giant of Maryland, LLC*, 161 Md.App. 620, 639–40 (2005)).

Here, Plaintiff has provided the Court with a sworn affidavit from Ms. Melgar stating that she noticed clear plastic on the floor of the aisle where Plaintiff slipped approximately an hour before the incident. ECF No. 46. Further, according to Plaintiff, Ms. Melgar, and Burlington's Customer Accident Report, the fall occurred in a "main aisle." ECF No. 60-6. The screenshot of the surveillance camera footage showing Plaintiff falling provides additional confirmation of the incident location. *See* ECF Nos. 60-6, 61 at 8. Therefore, the incident's centralized, public, and unobscured location, coupled with the amount of time that the dangerous condition was allegedly on the floor, creates a dispute of fact for the jury to determine whether Burlington should have discovered the condition by the exercise of ordinary care. *See Rybas v. Riverview Hotel Corp.*, 21 F.Supp.3d at 567. The finding that there is a genuine issue of material fact in dispute is further supported by Ms. Melgar's affidavit that she observed plastic on the floor "on the day of the fall *as on other days*". With respect to the issues of timing of the affidavit and bias of the affiant, again those issues are for the jury to decide in weighing the evidence and determining credibility as it is presented.

In evaluating a Motion for Summary Judgment, the Court "view[s] the evidence in the light most favorable to the plaintiff...draw[s] all reasonable inferences in his favor...[and does not] weigh the evidence or make credibility calls," even if [it does not] believe he will win at trial." *Stanton v. Elliot*, 25 F.4th 227, 234 (4th Cir. 2022). Here, drawing all reasonable inferences

in Plaintiff's favor, I find that a genuine dispute of material fact exists as to Burlington's liability, such that Burlington is not entitled to judgment as a matter of law. Burlington's Motion for Summary Judgment is DENIED.

### CONCLUSION

For the reasons set forth in this Memorandum Opinion, Plaintiff's Motion for Leave to File a Surreply is GRANTED. Further, the Court finds that there are genuine issues of material fact as to whether Burlington breached its duty of care to Plaintiff as a business invitee to its store. Therefore, Burlington's Motion for Summary Judgment (ECF No. 46) is DENIED. A separate order will follow.

Date: 23 January 2024

A. David Copperthite
United States Magistrate Judge