IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
Civil Division

REINA SAMAYOA DEMENDOZA

*Plaintiff,*

v.

Civil Action No: 8:22-CV-02726-GJH

BURLINGTON COAT FACTORY WAREHOUSE CORPORATION

*Defendant.*

## PLAINTIFF'S MOTION IN LIMINE REGARDING PLAINTIFF'S MEDICAL BILLS, EXPENSES, AND WAGES

COMES NOW the Plaintiff, Reina Samayoa DeMendoza, by and through Plaintiff's attorney, Fidel A. Castro, Esquire, and Castro & Associates, and files this Motion in Limine to prohibit Defendant and Defendant's counsel from introducing Plaintiff's medical bills and/or expenses and wages into evidence, or referring to the amount of Plaintiff's medical bills or the cost of Plaintiff's treatment in this case, at any time in the trial in this case, including opening statement and closing argument. In support of this Motion, Plaintiff states:

1. Plaintiff is not and has not claimed as damages the amount of Plaintiff's lost wages and medical expenses that they have incurred for the care and treatment of the injuries caused by the November 15, 2019, personal injury in the case. While there will be evidence of the injuries and medical care and treatment that Plaintiff received after the collision, she will be seeking only past, present, and any future non-economic damages. The Plaintiff's non-economic damages will be proven by the Plaintiff's testimony, the testimony of lay witnesses, and the testimony or other evidence from physicians and/or health care providers regarding the Plaintiff's injuries and the treatment of the same.

2. The Maryland Court of Special Appeals has held that a Plaintiff's medical bills

are irrelevant to the determination of non-economic damages. *Wright v. Hixon*, 42 Md, App. 448. 456 (1979). There, the Court of Special Appeals ruled on this issue as follows:

"Finally, the appellant contends that the trial judge erred in not permitting the appellant to offer into evidence the medical bills received from the attending physician to corroborate the extent of his/her pain and suffering. We find no merit in the contention. **We see no relevance in the submission of a bill for services submitted by a physician to the severity of appellant's pain and suffering.**"

(emphasis supplied). For the same reason stated by the Court in Hixon, the Plaintiff's medical bills should not be introduced or referenced at trial in determining the nature, extent, and amount of Plaintiff's non-economic damages in this case.

3.   Because Plaintiff is not claiming the amounts of Plaintiff's past medical bills and expenses or wage loss as an item of damage at trial, and because there is no relevant or logical connection between the amount billed, charged, or paid for any medical service rendered to her, and the non-economic damage and losses that have been caused by, and have resulted from, Plaintiff's injuries, the bills (the document themselves), the amounts (individually, or as a whole), and the fact that some of them were paid by an insurer, are all totally irrelevant to the claims being made in this case, as they do not have"…any tendency to make the existence of any fact that is of consequence to the determination of action more probable or less probable than it would be without the evidence." *Md Rule of Evidence 5-402*. Because any evidence of Plaintiff's economic losses is not relevant, it is not admissible. *Id.*

4.   In addition to controlling Maryland case law precedent, this very same issue also was considered by the United States District Court for the Eastern District of Virginia in the case of Payne v. Wyeth Pharmaceuticals, Inc., 2008 WL 4890760 (E.D. VA 2008). While not binding in Maryland, the thorough analysis conducted by the Payne court is

certainly instructive in this case. In *Payne*, the Plaintiff filed for Chapter 7 bankruptcy nine months after being involved in a motor vehicle owned by Wyeth Pharmaceuticals. *Id.* at ¶ 1. Payne listed his pre-bankruptcy petition medical bills in this bankruptcy schedule and Wyeth alleged that Payne omitted some of his pre-bankruptcy petition medical bills. *Id.* The bankruptcy court discharged Payne's debt on April 7, 2008. Approximately a month after Payne filed a personal injury suit against Wyeth. *Id* To support his claim for pain and suffering, Payne intended to introduce his medical bills into evidence. Wyeth moved in limine to have them excluded on the grounds that they were irrelevant to prove pain and suffering. The *Payne* court ruled on this issue as follows:

> The Court holds that the medical bills are not relevant to pain and suffering. In reaching this conclusion, the Court is persuaded by the analysis of Carlson v. Bubash, 639 A.2d 458, 462 (Pa. 1994). As that Court reasoned:
>
> **It is immediately apparent that there is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury.** First, the mere dollar amount assigned to medical services masks the difference in severity between various types of injuries. A very painful injury may be untreatable, or, on the other hand, may require simpler and less costly treatment than a less painful one. The same disparity in treatment may exist between different but equally painful injuries. Second, given identical injuries, the method or extent of treatment sought by the patient or prescribed by the physician may vary from patient to patient and from physician to physician. Third, even where injury and treatment are identical, the reasonable value of that treatment may vary considerably depending upon the medical facility and community in which care is provided and the rates of physicians and other healthcare personnel involved. Finally, even given identical injuries, treatment, and cost, the facts remain that pain is subjective and varies from individual to individual. *See Payne.* ¶6 (footnote omitted; emphasis supplied).
>
> The Court in *Payne* continued: Furthermore, a "single figure representing the total amount of any individual's medical bills does not demonstrate the number of times the person received treatment or the nature of the treatment." *Barkley*, 595 S.E.2d at 274-75 (Kinser, S., concurring in part and dissenting in part and dissenting in part)("In some instances, one noninvasive diagnostic test can cost as much as many visits to a physical therapist or chiropractor.") Therefore, the medical bills have no tendency to establish Payne's Claim in that he experienced pain and suffering as a result of the accident. The Court

accordingly holds that the medical bills are inadmissible pursuant to Fed. R. Evid. 401 and 402. Id. (emphasis supplied). Of course, those Rules are equivalent to the Maryland Rules of Evidence, 5-401 and 5-402.

5. As noted in *Payne*, there is no "logical connection" between the amounts of medical bills incurred by Plaintiff and the pain and suffering caused by her injuries. Even assuming, without agreeing, that the medical bills and wage loss were somehow relevant, the court should still preclude them as evidence pursuant to the provisions of *Md. Rule 5-403*, because any probative value they have is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The Payne court addresses this issue as well:

> Even if the Court were to conclude the medical bills are relevant and admissible, the medical bills are nevertheless inadmissible pursuant to Fed. R. Evid. 403 "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Fed. R. evidence. 403. **Here, there is a substantial possibility of jury confusion if the medical bills were introduced to prove pain and suffering. The jury may be tempted to treat the medical bills as recoverable special damages rather than to only asses the medical bills as evidence that Payne experienced pain and suffering. The jury may also be confused by the medical bills' characterization of the treatment Payne allegedly underwent because the treatment is described in the bills in summary, imprecise terms. These ill-defined terms, presented right beside their cost in dollar figures, with little explanation to guide the jury, would unfairly prejudice the Wyeth Pharmaceuticals.** To cure this prejudice, and thus clarify the meaning of terms in the medical bills, Payne would likely have to call a witness from each medical office from which a bill was issued to testify regarding, among other things, the terms of the bills and whether a doctor or administrator labeled the procedures and treatments. Such a process could unduly delay the trial. **Furthermore, the introduction of the medical bills into evidence would be overly cumulative; whatever tendency they would have to prove pain and suffering may already be amply demonstrated by other, more probative evidence, such as the testimony of Payne and his doctors.** On the other side of the scale, the medical bills are limited probative value for many of the reasons discussed in the relevance analysis, supra. For all these reasons individually, and for all of them together, the Court holds that Payne's medical bills *fail Rule 403* analysis and are therefore inadmissible to prove pain and suffering.

*See id.* (footnote omitted; emphasis supplied).

6. Because Plaintiff's medical bills and wage loss are not being claimed as an item of damage in this case, they will not be offered as evidence of introduction at trial. Because there will be no jury instruction about them, any mention of those economic damages will confuse the jury about the true issues she will have to decide and because they will not be instructed on how to consider the amounts of the bills. Further, introducing the economic damages would unfairly prejudice Plaintiff because of the risk that the jurors would substitute the bill amounts for any award for Plaintiff's pain and suffering and/or improperly attempt to use, at the suggestion of Defendant, the Plaintiff's economic damages, and the amount of medical care that she received after the incident, as a basis to establish the amount to be awarded for Plaintiff's non-economic damages for pain and suffering. As recognized by the Payne court, "There is no logical or experiential correlation between the monetary value of medical services required to treat a given injury and the quantum of pain and suffering endured as a result of that injury." *Id.* at ¶6.

7. The Payne decision is consistent with the decision of the Court of Special Appeals in Wright, supra. To this end, Defendant should also be precluded from making any statements, suggestions, or arguments that the jury should base their damage award for Plaintiff's "pain and suffering" on the amount of the medical bills or wage loss that she already has incurred following the motor vehicle collision in this case. The evidence at trial will address the injuries that Plaintiff suffered in the subject collision and will be limited to that issue. The expert testimony will establish that Plaintiff suffered injuries to Plaintiff's right foot. The cost of Plaintiff's medical care is totally irrelevant to

the issue of Plaintiff's non-economic damages. It would, therefore, be improper and prejudicial to Plaintiff if Defendant was permitted to argue, imply, or suggest in any way that Plaintiff's "pain and suffering," or other non-economic damages should be based on the value of the past medical care provided to her, or on the amount of the medical expenses or wages loss that she incurred following the collision that is the subject of this action.

## CONCLUSION

Plaintiff respectfully requests that this Honorable Court grant this Motion in Limine and prohibit the introduction of any of Plaintiff's economic losses into evidence, as well as any suggestion of, or reference to, argument by the Defendant and/or Defendant's attorney that is based on the amount of such losses in this case, and/or for any reference to Plaintiff's past medical bills at any time during the trial of this case, including opening statement and closing argument.

Respectfully Submitted,

Fidel A. Castro, Esquire
Bar Number: 07458
Castro & Associates
12020 Georgia Avenue, Suite A
Wheaton, MD 20902
(240) 608-6800 / (301) 250-7608 fax
castroesquire@gmail.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that this 30th day of August 2024 a copy of the foregoing Motion in Limine Regarding Plaintiff's Medical Bills, Expenses, and Wages and Order was sent via First-Class U.S. Mail, postage prepaid, and email on Defendant's Counsel:

Andrew T. Stephenson, Esquire
Franklin & Prokopik
2 North Charles Street, Suite 600
Baltimore, MD 21201
*Counsel for Defendant*

Fidel A. Castro